**In the Interest of S.H., C.H., Z.H., and S.H., Children.**

**No. 10–02–087–CV.**

Court of Appeals of Texas, Waco.

Dec. 18, 2002.

---

Jeff Stuver, Mexia, for Appellant/Relator.

Robert W. Gage, County Attorney for Freestone County, R. Neel McDonald, Asst. County Attorney for Freestone County, Fairfield, for Appellee/Respondent.

Steven A. Neal, Attorney At Law, Fairfield, Attorney Ad Litem.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

The Department of Protective and Regulatory Services ("DPRS") filed a petition for termination of Lahoma Herrington's parental rights with respect to four children. The children's paternal grandparents intervened, seeking appointment as managing conservators or alternatively grandparent access. The court granted DPRS's petition in a bench trial. A standard Mother Hubbard clause in the termination decree appears to have adjudicated the grandparents' plea in intervention. The grandparents appealed. However, subsequent proceedings in the trial court call into question the appealability of the decree and the status of the grandparents' intervention. Accordingly, we order the parties to brief these issues.

## BACKGROUND

This appeal actually involves three separate but related trial court proceedings. DPRS filed an original petition for termination of the parental rights of Lahoma and the children's father Lee Herrington in trial court cause number 00–289–A. During the course of that proceeding, the trial court signed an order terminating Lahoma's parental rights.[1] Later however, the trial court dismissed the suit apparently under the provisions of section 263.401 of the Family Code.

DPRS filed a second petition in cause number 01–345–A on November 8, 2001. DPRS alleged that Lahoma's parental

---

1. This order was apparently based on Lahoma's signing of an affidavit relinquishing her parental rights. *See* Tex. Fam.Code. Ann. § 161.001(1)(K) (Vernon 2002).

rights had already been terminated by virtue of the order in cause number 00–289–A and sought termination of only Lee's parental rights. The parties proceeded to trial in February 2002. A jury recommended that Lee's parental rights be terminated in a verdict returned on February 6. Lee's parents (the "grandparents") filed a petition in intervention on February 25. DPRS filed a motion to strike the grandparents' petition the same day. The trial court signed an order striking their petition on February 26. The trial court also signed a decree on February 26 in cause number 00–289–A purporting to terminate Lee's parental rights in accordance with the jury's verdict. Lee filed a notice of appeal in cause number 01–345–A on March 11. The grandparents filed their own notice of appeal in cause number 01–345–A four days later. We docketed Lee's and his parents' appeal from cause number 01–345–A under our cause number 10–02–086–CV. *See* Tex.R.App. P. 12.2(c).

The trial court signed a *nunc pro tunc* termination decree on April 17 bearing cause number 01–345–A to correct the erroneous cause number reflected on the February 26 decree. Thus, the notices of appeal filed in cause number 01–345–A were deemed filed on April 17. *Id.* 27.1(a).[2]

DPRS filed another petition to terminate Lahoma's parental rights which the district clerk docketed under trial court cause number 02–055–A on February 25. The sole ground for termination was Lahoma's execution of an affidavit relinquishing her parental rights. The grandparents filed a petition in intervention that same day in cause number 02–055–A identical to that filed in the other case. They sought by

their intervention to be appointed as the children's managing conservators, or in the alternative, to be given reasonable access to the children. Two days later, the court signed a termination decree with a standard Mother Hubbard clause.[3]

Lee Herrington filed a notice of appeal in cause number 02–055–A on March 11. His parents filed a motion for new trial on March 12 (and an amended motion for new trial on March 15). They filed a notice of appeal on March 15. We docketed Lee's and his parents' notices of appeal in trial court cause number 02–055–A under our cause number 10–02–087–CV. DPRS filed a motion to strike the petition in intervention on April 1. The court heard the motion to strike on April 22. The court denied the motion and set a jury trial to determine whether the grandparents should be given reasonable access to the children.

DPRS filed a "Motion for Nonsuit" on September 13. The court signed an "Order for Nonsuit" that same day. The grandparents filed a motion to reinstate the suit or alternatively for new trial on October 2 alleging that DPRS's nonsuit did not authorize the court to dismiss their pending claims. *See* Tex.R. Civ. P. 162. The court has apparently not ruled on this motion.

## ISSUES TO BE BRIEFED

### 1. Whether the February 27 Decree was Appealable

 Settled law establishes that (absent a statutory exception) only a judgment which disposes of all parties and issues can be appealed. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). In addi-

---

2. The appeal in cause number 10–02–086–CV is proceeding at an orderly pace. It was submitted without argument on December 4, 2002.

3. The decree recites, "**IT IS ORDERED** that all relief requested in this case and not expressly granted is denied."

tion, the Family Code provides specific definitions regarding appealable decrees in termination suits, and specifically in suits instituted by DPRS. Section 109.002(b) provides, "An appeal may be taken by any party to a suit from a final order rendered under this title." TEX. FAM.CODE. ANN. § 109.002(b) (Vernon 2002).[4]

Section 263.401(d) defines a "final order" in a termination suit instituted by DPRS as "an order that:

(1) requires that a child be returned to the child's parent;

(2) names a relative of the child or another person as the child's managing conservator;

(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child."

*Id.* § 263.401(d) (Vernon 2002).

Section 263.405 contains specific provisions governing the appeal of a "final order" in a termination suit instituted by DPRS. *Id.* § 263.405 (Vernon 2002).

Bearing these authorities in mind, the Court requests that the parties brief the question of what parties and issues the February 27 decree adjudicated and whether it was appealable when signed.

## 2. Assuming the Decree was Appealable, What Impact Do the Subsequent Proceedings in the Trial Court Have on the Appealability of the Decree

Section 263.405 provides that an appeal from a termination decree in a suit insti-

tuted by DPRS is accelerated and a motion for new trial does not extend the time for filing the notice of appeal. *Id.* § 263.405(a), (c). Moreover, a direct or collateral attack on a termination decree cannot be mounted "after the sixth month after the date the order was signed." *Id.* § 161.211(a) (Vernon 2002).

Conversely, Rule of Civil Procedure 329b extends a trial court's plenary power no further than 105 days after the judgment is signed. TEX.R. CIV. P. 329b; *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985) (orig.proceeding) (per curiam); *Maddox v. Tex. Dep't of Protective & Regulatory Servs.*, 45 S.W.3d 210, 214 (Tex. App.-El Paso 2001, no pet.).

It appears from the trial court's April 22 ruling that the court and the parties considered only the grandparents' request for reasonable access to remain pending at that time. DPRS filed its nonsuit more than six months after the February 27 decree.

■ Bearing the foregoing authorities in mind, the Court requests that the parties brief the question of what effect the trial court's April 22 ruling had on the appealability of the February 27 decree and what effect DPRS's September 13 nonsuit had on the decree.

## 3. What Issues, If Any, Remain Pending in the Trial Court

As previously noted, the April 22 ruling appears to cover only the grandparent access claim. The September 13 nonsuit order appears to dispose of all parties and claims in the suit. The Court requests that the parties brief the current status of:

4. "[T]his title" refers to title 5 of the Family Code, which is entitled "The Parent Child Relationship and the Suit Affecting the Parent–Child Relationship." TEX. FAM.CODE ANN. §§ 101.001–265.003 (Vernon 2002).

(1) DPRS's petition to terminate Lahoma Herrington's parental rights; (2) the grandparents' request for managing conservatorship; and (3) the grandparents' request for reasonable access.

## BRIEFING SCHEDULE

The Court hereby ORDERS Appellants Larry and Doris Herrington to file a brief addressing the issues identified and any other issues they deem pertinent within twenty (20) days after the date of this Order. Appellant Lee Herrington has notified the Court that he has no objection to a dismissal of this appeal. Nevertheless, if Lee Herrington desires to respond to this Order, he must do so by filing a brief or other response within twenty (20) days after the date of this Order. If DPRS desires to file a response, it must do so within ten (10) days after Appellants' brief(s) are filed.

In accordance with Rule of Appellate Procedure 9.5, the parties are ORDERED to serve copies of their briefs or responses on opposing counsel. TEX.R.APP. P. 9.5.

IT IS SO ORDERED.