Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

MARTA MARTINEZ,
)
 No. 08-02-00479-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 65th District Court

)


TEXAS DEPARTMENT OF PROTECTIVE
)
 of El Paso County, Texas

& REGULATORY SERVICES,
)


)
 (TC# 2002-2676)

 Appellee.
)



O P I N I O N



 Marta Martinez executed an irrevocable affidavit of relinquishment which resulted in the
termination of her parental rights. When her attempt to revoke the affidavit was unsuccessful,
Appellant filed this collateral attack. On appeal, she complains of the trial court's order denying her
bill of review and dismissing her suit. We affirm.

FACTUAL SUMMARY


 For reasons not reflected in the record, Child Protective Services removed Martinez's child
from her home and the case was scheduled for a status hearing on January 31, 2002. Martinez
arrived approximately forty-five minutes early and saw several family members present, including
two of her sisters. Due to prior conflicts with her family, Martinez felt threatened and bullied and
decided to terminate her parental rights. She informed the CPS case worker, Ricardo Roberts, her
court-appointed attorney, Corine Dominguez, and a counselor, Herman Green, of her decision. After
some conversation, including discussions in which Roberts, Dominguez, and Green tried to convince
Martinez not to go forward with termination, an affidavit of relinquishment was prepared and
Martinez signed it. Because she had designated the Texas Department of Protective and Regulatory
Services as the managing conservator, the affidavit was irrevocable. Tex.Fam.Code Ann. §
161.103(e)(Vernon 2002). Martinez also waived issuance and service of citation, notice of the final
hearing, and notice of entry of the final judgment. At the final hearing on April 11, 2002, the trial
court found by clear and convincing evidence that Martinez had executed an irrevocable and
voluntary affidavit of relinquishment of her parental rights. At some point within thirty days of the
final hearing, the case worker received an affidavit in which Martinez attempted to revoke her
affidavit of relinquishment. Martinez did not notify her attorney about her revocation efforts. On
May 31, 2002, Martinez filed the same affidavit with the trial court clerk. Nevertheless, the trial
court signed a final judgment of termination on August 23, 2002. The delay between the hearing and
entry of judgment is largely attributable to the proceedings to terminate the father's parental rights,
which went to trial in July 2002.

 After the final hearing but before the trial court signed the judgment, Martinez filed a pro se
petition against the Department and certain Department employees, alleging various causes of action
including defamation and the violation of her constitutional rights. She did not challenge the
affidavit of relinquishment. On October 30, 2002, Martinez, now assisted by counsel, filed a bill of
review, alleging that she signed the affidavit of relinquishment due to a mistake of fact. She also
claimed that her trial attorney had failed to explain the consequences of her signing the affidavit. 
Following a hearing, the trial court denied relief and dismissed the suit. Martinez brings forward five
related issues on appeal:

 1. Section 161.103(e) of the Texas Family Code is unconstitutional because it
violates her rights to procedural due process. 


 2. The trial court erred by failing to consider her revocation affidavit as grounds to
reopen the case.


 3. The Department failed to advise the trial court of the revocation affidavit.


 4. Trial counsel procured the affidavit of relinquishment by coercion and duress.


 5. The Department procured the affidavit of relinquishment by coercion and duress. 


STANDARD OF REVIEW


 A bill of review is an independent action that a party to a previous suit brings in order to set
aside a prior judgment that is no longer appealable or subject to the trial court's plenary power. 
Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Chandler v. Chandler, 991 S.W.2d 367, 392
(Tex.App.--El Paso 1999, pet. denied). After the expiration of plenary power, the trial court cannot
set aside a judgment except by bill of review for sufficient cause, filed within the time allowed by
law. Tex.R.Civ.P. 329b(g); Chandler, 991 S.W.2d at 392. 

 To be successful in a bill of review, the plaintiff must allege and prove:


 a meritorious defense to the cause of action alleged to support the judgment, 



 which fraud, accident, or the opposing party's wrongful act prevented him from presenting, 



 without any fault or negligence of her own. 


Baker, 582 S.W.2d at 406-07; Chandler, 991 S.W.2d at 392. The plaintiff must as a pretrial matter
present prima facie proof to support the meritorious defense. Baker, 582 S.W.2d at 408; Chandler,
991 S.W.2d at 392. The relevant inquiry is not whether the result would be different on retrial, but
instead whether the defense is barred as a matter of law and whether the complainant will be entitled
to judgment if no evidence to the contrary is offered. Baker, 582 S.W.2d at 408-09; Chandler, 991
S.W.2d at 392. This is a question of law. Baker, 582 S.W.2d at 408-09; Chandler, 991 S.W.2d at
392. If the court determines that the plaintiff has not established a prima facie meritorious defense,
it ends the proceeding and dismisses the suit. Baker, 582 S.W.2d at 409; Chandler, 991 S.W.2d at
392. The court will proceed to trial only if a prima facie meritorious defense has been demonstrated. 
Baker, 582 S.W.2d at 409; Chandler, 991 S.W.2d at 392.

 In reviewing the denial of a bill of review, we indulge every presumption in favor of the trial
court's ruling, which we will not disturb absent an abuse of discretion. Nguyen v. Intertex, Inc., 93
S.W.3d 288, 293 (Tex.App.--Houston [14th Dist.] 2002, no pet.); Interaction, Inc. v. State, 17
S.W.3d 775, 778 (Tex.App.--Austin 2000, pet. denied). A trial court abuses its discretion when it
acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. 
See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). We may not reverse merely because we
disagree with a decision by the trial court, provided the ruling was within the trial court's discretion. 
See Beaumont Bank, 806 S.W.2d at 226. 

 MERITORIOUS DEFENSE


 Martinez relies on three meritorious defenses: (1) Section 161.103(e) is unconstitutional; 
(2) she did not voluntarily execute the affidavit of relinquishment because her court-appointed
attorney failed to advise her of the affidavit's legal effect; and (3) she felt pressured by the
Department since she had not been allowed visitation with her child.

Constitutionality of Irrevocable Affidavit


 We will first consider the constitutionality of Section 161.103(e) of the Family Code, which
provides: 

 (e) The relinquishment in an affidavit that designates the Department of Protective
and Regulatory Services or a licensed child-placing agency to serve as the managing
conservator is irrevocable. A relinquishment in any other affidavit of relinquishment
is revocable unless it expressly provides that it is irrevocable for a stated period of
time not to exceed 60 days after the date of its execution.


Tex.Fam.Code Ann. § 161.103(e)(Vernon 2002). Characterizing her right to revocation as a
procedural safeguard, Martinez argues that section 161.103(e) violates her right to substantive due
process. She emphasizes that a parent who relinquishes her parental rights to a private individual
can reserve a right of revocation while a parent who relinquishes her parental rights to the
Department or a licensed child-placing agency cannot.

 The Due Process Clause of the Fourteenth Amendment encompasses three types of
protection:


 It incorporates many of the specific protections defined in the Bill of Rights;




 The substantive component bars certain arbitrary, wrongful government actions regardless
of the fairness of the procedures used to implement them; and




 The procedural component guarantees fair procedure.



See Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); In the
Interest of G.C., 66 S.W.3d 517, 524-25 (Tex.App.--Fort Worth 2002, no pet.). Because Martinez's
complaint focuses on the fairness of the process used to terminate her parental rights, it must be
analyzed as a matter of procedural due process. See G.C., 66 S.W.3d at 525.

 Questions of procedural due process require an analysis of whether the plaintiff has a
constitutionally protected property or liberty interest at stake, and if so, what process is due to
sufficiently protect that interest. See Board of Regents of State College v. Roth, 408 U.S. 564,
569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). At a minimum, due process requires notice and an
opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424
U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Perry v. Del Rio, 67 S.W.3d 85, 92 (Tex. 2001). 

Exactly what process is due in any given situation is measured by a flexible standard that depends
on the practical requirements of the circumstances. Mathews, 424 U.S. at 334, 96 S.Ct. 893;
University of Texas Medical School at Houston v. Than, 901 S.W.2d 926, 930 (Tex. 1995). This
standard balances three factors: (1) the private interest affected by the state action; (2) the risk of
erroneous deprivation of a constitutionally protected interest under the procedures used and the likely
benefit of any additional procedures; and (3) the government's interest, including the fiscal and
administrative burdens that additional procedural requirements would entail. Mathews, 424 U.S. at
335, 96 S.Ct. 893; Than, 901 S.W.2d at 930. The issues before us are whether Martinez has a liberty
or property interest that is entitled to procedural due process protection, and if so, what process is
due. See G.C., 66 S.W.3d at 525.

 Parents have a constitutionally recognized liberty interest in the care, custody, and control
of--and right of association with--their children. Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct.
2054, 2060, 147 L.Ed.2d 49 (2000). Consequently, Martinez is entitled to procedural due process
in connection with the termination proceeding. Martinez complains that section 161.103(e) unfairly
deprives her of the ability to revoke her affidavit of relinquishment. By signing the affidavit and
designating the Department as managing conservator, Martinez effectively waived her right of
revocation. There is no infringement upon a parent's liberty interest where there is no attempt to
influence the decision and the sole state action consists of implementing the parent's clearly
expressed will. See In the Interest of McAda, 780 S.W.2d 307, 310 (Tex.App.--Amarillo 1989, writ
denied)(discussing the predecessor statute in the context of argument that it infringed on parent's
fundamental liberty interest in child-rearing decisions by making it impossible for a parent to revoke
the decision to relinquish her child to another). In the absence of fraud, misrepresentation, or
overreaching by state actors in obtaining the affidavit, there is no state action which interferes with
the integrity of the family or the right of a parent to associate with her child. Id. at 310-11.

 Here, the affidavit reflects on its face that Martinez voluntarily executed it with an
understanding of her rights with respect to the child and the legal effect of signing the document. 
Significantly, Martinez does not allege that any Department employee or other state actor tried to
influence her decision or attempted to obtain the affidavit through fraud or other impropriety. 
Instead, she felt pressured by her family members who had appeared for a hearing and she faults her
court-appointed attorney for not informing her that the affidavit was irrevocable. Yet the affidavit
states in bold print: 

 This Affidavit of Relinquishment of Parental Rights is and shall be final, permanent,
and irrevocable. I fully understand that, if I change my mind at any time, I can never
force the agency to destroy, revoke or return this affidavit.


And although Martinez claims that she signed the affidavit because she felt that her attorney had not
taken a sufficient interest in her case and she had no chance of winning, this allegation does not
demonstrate any fraud, misrepresentation, or overreaching.

 Similarly, the statute does not create a risk of erroneous deprivation of a constitutionally
protected interest because a parent may move to have an affidavit set aside in the event of fraud or
other improper procurement of the affidavit. By signing an irrevocable affidavit of relinquishment,
Martinez clearly demonstrated her intent to dissolve the bond with her child. Id. at 311. At this
point, the State had a duty to step in to advance its legitimate and compelling interest in the safety,
education, care and protection of the child. Id. When a parent voluntarily terminates the parent-child bond, the best interest of the child become paramount. Id., citing Brown v. McLennan County,
627 S.W.2d 390, 393 (Tex. 1982). The State acts to provide the child with minimal stability during
this chaotic period. Id. Due process does not require that the child's rights be sacrificed to preserve
rights which the parent has waived. Id. The legitimate and compelling state interest in protecting
the child in this situation is advanced by giving effect to the express will of the parent. Id. 
Martinez's execution of the irrevocable affidavit of relinquishment triggered the State's compelling
interest in protecting the rights of the child. Consequently, we conclude there is no due process
violation.

Voluntariness of Execution


 In advancing her second and third meritorious defenses, Martinez argues that the affidavit
of relinquishment should be invalidated due to coercion and duress. Once a parent has executed an
irrevocable affidavit of relinquishment, it may be set aside only upon proof, by a preponderance of
the evidence, that the affidavit was executed as a result of coercion, duress, fraud, deception, undue
influence or overreaching. See Brown, 627 S.W.2d at 395; In the Interest of Baby Girl Bruno, 974
S.W.2d 401, 406 (Tex.App.--San Antonio 1998, no pet.). Rather than showing that her execution
of the affidavit was involuntary, the evidence established that Martinez unilaterally decided to
terminate her rights and resisted all efforts to persuade her otherwise. The case worker talked to
Martinez in an effort to change her mind but he described her as determined. Herman Green, an
ordained minister and licensed counselor, accompanied Martinez to the hearing for support. In the
hallway outside of the courtroom, Martinez told Green that she wanted to terminate her parental
rights. When he attempted to talk her out of it, she told him that she had made up her mind. While
Martinez explained that she felt intimidated by her family's presence at the hearing, this does not
constitute coercion or duress on the part of any Department employee, nor does her dissatisfaction
with counsel's preparation, performance, or persistence in explaining the legal significance of the
relinquishment. Because Martinez failed to offer prima facie evidence in support of her meritorious
defenses, we overrule Issues One, Four, and Five. 

FRAUD, ACCIDENT, OR WRONGFUL ACT


 As we have noted, in order to prevail on her bill of review Martinez was required to
demonstrate a meritorious defense which she was prevented from presenting due to fraud, accident,
or the opposing party's wrongful act. Although the complaint lodged in Issue Three is not altogether
clear, we understand Martinez to argue that the case worker's failure to bring her affidavit of
revocation to the trial court's attention prevented her from presenting her meritorious defenses at
trial. Having already determined that Martinez failed to prove the existence of a meritorious defense,
we need not address Issue Three.

Equitable Relief


 Finally, Martinez contends that the trial court should have granted her bill of review as a
matter of equity. Analogizing her relinquishment affidavit to a consent judgment, she argues that
the trial court should have set aside the termination upon learning that she no longer consented. In
essence, Martinez asserts that she should be permitted to revoke her irrevocable affidavit of
relinquishment at any time. An irrevocable affidavit of relinquishment voluntarily executed by a
parent is not analogous to a consent judgment entered by a trial court based upon the agreement of
the parties. The statutory provisions pertaining to an irrevocable affidavit of relinquishment and the
requirements which must be met before setting it aside are well established. Concluding that
Martinez failed to establish any grounds for setting aside the affidavit of relinquishment, we overrule
Issue Two. Having overruled each issue, we affirm the trial court's order denying the bill of review
and dismissing Martinez's suit.


 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.