Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARTA MARTINEZ,                                        )                  No. 08-03-00265-CV
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                 County Court at Law No. 7
)
CORINE DOMINGUEZ,                                    )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2002-3531)


MEMORANDUM OPINION


            Marta Martinez, pro se, appeals from a summary judgment granted in favor of Corine
Dominguez. We affirm.
FACTUAL SUMMARY
            We begin by detailing the underlying facts which have spawned a series of lawsuits. On
July 26, 2001, the Texas Department of Protective and Regulatory Services sought an order for the
protection of a child in an emergency and removed Martinez’s child from her home. The trial court
initially appointed Stuart Leeds to represent Martinez. The County Attorney’s Office, on behalf of
the Department, filed a suit affecting the parent-child relationship, seeking conservatorship of the
child and termination of Martinez’s parental rights. On August 2, 2001, the trial court conducted
a hearing on temporary orders. After hearing evidence regarding the condition of Martinez’s home
and Martinez’s unstable mental state, the court placed the child in foster care. At Martinez’s request,
Leeds withdrew on November 13, 2001, and the trial court appointed Dominguez. 
            Dominguez met with Martinez in November and discussed the case at length. On January 30,
2002, Dominguez met with Martinez in order to prepare for a permanency hearing scheduled for
the following day. During their discussion, Martinez broached the subject of voluntary
relinquishment of her parental rights and Dominguez told her that it was not necessary to consider
a relinquishment at that time. When Dominguez met Martinez at the courthouse prior to the
scheduled hearing, Martinez informed her that she wished to voluntarily terminate her parental
rights. Martinez’s caseworker, Ricardo Roberts, and Dominguez spoke privately with Martinez and
attempted to dissuade her from signing an affidavit. Martinez’s therapist also met with Martinez for
approximately forty-five minutes in an effort to persuade her not to relinquish her parental rights. 
Nevertheless, Martinez insisted on signing the affidavit. Dominguez then explained the
consequences and finality of the document. Martinez signed the affidavit in the presence of
Dominguez, the caseworker, the therapist, and others. Dominguez never saw Martinez again. 
Martinez never contacted her requesting that she pursue any other actions on her behalf. 
            On April 16, 2002, Martinez signed an affidavit revoking her irrevocable affidavit of
relinquishment which was filed with the court on May 31, 2002. The trial court entered a judgment
terminating her parental rights on August 23, 2002. In a bill of review proceeding, the 65th District
Court determined that Martinez freely and voluntarily signed the affidavit, finding no evidence of
coercion, fraud, or duress. We affirmed that ruling. See Martinez v. Texas Dept. of Protective &
Regulatory Services, 116 S.W.3d 266 (Tex.App.--El Paso 2003, no pet.). 
            Martinez has since sued the County of El Paso,


 Roberts, Leeds, and Dominguez. The basis
of the suit against Dominguez is legal malpractice. She alleges that Dominguez (1) failed to call
certain witnesses to testify, (2) failed to seek a continuance of an unspecified hearing, and (3) failed
to ask the trial court to dismiss hot check charges which resulted in Martinez’s wrongful
imprisonment for nine days. Dominguez filed a motion for summary judgment alleging that
Martinez’s voluntary relinquishment of her parental rights renders her complaints moot and that no
professional negligence occurred. The trial court granted the motion without specifying the basis
for its ruling. 
SUMMARY JUDGMENT
            Martinez raises five points of error on appeal: (1) Leeds did not ask to continue the August
2, 2001 hearing; (2) Martinez did not voluntarily sign the affidavit of relinquishment and Dominguez
did not advise her of the consequences; (3) Martinez was wrongfully imprisoned at the time of the
August 2, 2001 hearing; (4) Martinez filed an affidavit revoking her affidavit of relinquishment; and
(5) Dominguez violated Martinez’s constitutional right to due process and equal protection of the
law by failing to perform her duties as attorney with care and diligence. These issues must be
addressed in the context of the appropriate standard of review.
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant’s cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving these issues, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including any
doubts, must be resolved in the non-movant’s favor. Nixon v. Mr. Property Mgmt. Co., Inc., 690
S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d at 784. A defendant who conclusively negates
at least one essential element of each theory pled by the plaintiff is entitled to summary judgment. 
Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). It is well established that where the trial
court’s judgment does not specify the ground or grounds relied upon for its ruling, the summary
judgment must be affirmed if any of the theories advanced is meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989). When challenging such a judgment on appeal, an appellant must
show that each of the independent grounds alleged in the motion is insufficient to support the
summary judgment or suffer waiver of the unchallenged grounds. State Farm Fire & Casualty Co.
v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).
Elements of Legal Malpractice
            A legal malpractice action in Texas is based on negligence. Cosgrove v. Grimes, 774 S.W.2d
662, 664 (Tex. 1989). The elements of a legal malpractice claim are: (1) duty, (2) breach of duty,
(3) the breach proximately caused the injury, and (4) resulting damages. Id. at 665. When a legal
malpractice claim arises from prior litigation, the plaintiff has the burden to prove that but for the
attorney’s negligence, she would be entitled to judgment. MND Drilling Corp. v. Lloyd, 866 S.W.2d
29, 31 (Tex.App.--Houston [14th Dist.] 1987, no writ). A lawyer is held to the standard of care that
would be exercised by a reasonably prudent attorney. Hall v. Rutherford, 911 S.W.2d 422, 424
(Tex.App.--San Antonio 1995, writ denied). The conduct of the attorney must be evaluated based
on the information the attorney has at the time of the purported negligence. Cosgrove, 774 S.W.2d
at 664. If an attorney makes a decision which a reasonably prudent attorney could make in the same
or similar circumstance, it is not an act of negligence, even if the result is undesirable. Id. at 665. 
The standard is an objective exercise of professional judgment. Id. 
Allegations Relating to Another Attorney
            Martinez’s first and third points of error relate to conduct by another attorney who
represented Martinez prior to Dominguez’s appointment. Conduct by another attorney is irrelevant
to whether the trial court properly granted summary judgment in favor of Dominguez. Because these
arguments are without merit, we overrule Points of Error One and Three.
No Breach of Duty
            Dominguez moved for summary judgment on the ground that she did not breach her duty to
Martinez. She supported the motion with her own affidavit in which she detailed her efforts--as well
as the efforts of the caseworker and the therapist--to dissuade Martinez from signing the affidavit
of relinquishment:
On January 31, 2002, I met Ms. Martinez at the courthouse. I was met at the
door of the Children’s Welfare Court by Ms. Martinez and she requested that she be
allowed to relinquish her rights to her daughter. At no time did I nor Ms. Martinez
enter the courtroom for her hearing. Ms. Martinez adamantly requested that she be
given the Affidavit of Relinquishment of Parental Rights. Ms. Martinez stated this
in my presence and in the presence of her caseworker, Ricardo Roberts.
 
The caseworker and I accompanied Ms. Martinez into a conference room and
a secretary from the County Attorney’s Office was called to prepare the affidavit. 
Ms. Martinez was joined in the conference room by her therapist, Herbert Green. 
Mr. Green remained in the room and spoke to Ms. Martinez for approximately forty-five minutes. During this time Mr. Green attempted to talk Ms. Martinez out of
signing the Relinquishment. The affidavit was brought into the room by the secretary
from the County Attorney’s office and Ms. Martinez reviewed and revised the
document. Ms. Martinez corrected the spelling of her daughter’s name and other
typographical errors.
 
It was during this time that I and Ricardo Roberts attempted to dissuade Ms.
Martinez from signing the affidavit of Relinquishment. Ms. Martinez continued to
be adamant in her desire to sign the affidavit. The Affidavit of Relinquishment was
given to Ms. Martinez and I explained the document as she read it. I again advised
her that the signing of the document was not necessary. I further advised Ms.
Martinez that the document was final. Mr. Green and Ricardo Roberts remained in
the room as Ms. Martinez signed the affidavit. Ms. Martinez signed the affidavit
before two witnesses and the notary affixed her seal to the document. 
Dominguez additionally directed the trial court to the finding in the bill of review action that “there
was no evidence of fraud, coercion, or duress” sufficient to set the relinquishment aside. Her motion
was also accompanied by an affidavit from Lyda Ness, who during the time in question worked as
an assistant county attorney representing the Department. Ness was present at the temporary orders
hearing held on August 2, 2001:
At that time, Ms. Martinez was incarcerated due to outstanding hot checks. The
Children’s Court had no jurisdiction over the hot checks case and that was explained
to her by the Judge. The evidence was presented that the condition of the home
created a present and continuing danger to the physical health of the child. My
recollection from my conversation with the housing inspector was that the home was
condemned or would be shortly.


 It also became apparent that the mother posed an
emotional risk to the child due to her unstable mental state. 

Ness also rendered her opinion that Dominguez did not commit malpractice. 
 

            In her unsworn response to the motion, Martinez contended that her suit was premised on
violations of the Texas Disciplinary Rules of Professional Conduct. She made the following
allegations with regard to the element of breach, which we quote verbatim:
The Plaintiff’s Original Petition filed September10, 2002 has extremely expressed
to the Court and Defendant Attorney Corine Dominguez with her Attorney Bernardo
Gonzalez the Facts and Concerns of this suit. Plaintiff is questioning Defendants’
Professional Responsibilities and Ethics §9 under The State Bar of Texas and
Malpractice Considerations with TX Rules of Professional Conduct Rule 1.5 by
acting reckless and conscious ignorance of the Law, as a result of, failure to §1.25:2
Advise Client of Legal Consequences of Act TRCP Rule 2.01 with in the Code of
Professional in responsibility to serve society. The Law within the scope of the
United States Constitution of The Fourteenth Amendment - Right of Due Process and
Equal Protection of the Law; The First Amendment - Protecting Plaintiff’s
Individuals reputation yet Encouraging Free and Open Communication from
Freedom of Speech and Free Press.
 
Defects in Substance when Defendants’ practicing attorney skills with in a
False Report Penalty TFC §261.107 (Lacking Factual Foundation) Hear Say Rule
801(c) 803 FRE not admissible in court from Texas Department of Protective &
Regulatory Services CPS Specialist Herlinda Rivas who based her determination and
went beyond her individual capacity under HEARSAY: TFL §104.006 (Hear Say
Statement of Child Abuse Victim) that in findings, inferences, conclusion, and
decisions of CPS Specialist Herlinda Rivas had COAX AND INFLUENCE child, M.
Christina Martinez-Mefale into saying mother, the plaintiff ‘Mother Slapped me and
has Mental Problems.’
 
In addition, discovery facts are to conclude from November 5, 2003 in the
65th Judicial District Court of El Paso County, State of Texas on the Bill of Review
Cause No. 2002-2676 prior Cause No. 20012CM5250 Defendant Attorney Cornie
Dominguez was on the stand and committed Perjury by lying, ‘that plaintiff on the
day of January 31, 2002 was clam [sic] and composed while plaintiff was an
emotional wreck getting ready to sign the Relinquishment of Parental Rights feeling
duress, (TFC §15.211, Rule 3.29 Not with standing distress) pressured, and undue
influence by all the parties involved with ‘Silent Power of a Strong Mind Over a
Weak One’ and ‘fear through-out the ordeal since the removal on July 24, 2001 --
January 31, 2002’; Texas Department of Protective & Regulatory Services -- Social
Workers; Attorneys; Counselors/Therapist.
 
Damages under Rule 4.08, which Social Worker Ricardo Roberts and
Defendant approved with out including the biological mother, the plaintiff, ‘Under
the Benefit of the Bargain. The defendant had been given admissible evidence Rule
of Evidence 103, 104(q) 401, 601 relevant evidence from doctors, school
administration, (law of Damages, Witness) witnesses, which she did not present to
the court, social workers, and/or lawyers in this case. On Family Service Plain Case
#24344136 Rule 3.03 again, False Report Penalty TFC §261.107 (Lacking Factual
Foundation Rule 3.03 Post false evidence (7) accusation plaintiff the parent lost
control of anger & this resulted in Injury and Parent actions have resulted in the risk
of Serious Harm to the Child. 

            Other than a general assertion that Dominguez was “acting reckless and conscious ignorance
of the Law, as a result of, failure to §1.25:2 Advise Client of Legal Consequences of Act TRCP Rule
2.01 with in the Code of Professional in responsibility to serve society,” Martinez did not dispute
that Dominguez cautioned her that the affidavit of relinquishment was final.


 She has not offered
the affidavit of anyone else, although there were several others present. Her complaints of
malfeasance apparently involve challenges to the admissibility of the evidence the Department was
likely to offer had there been a trial. She does not dispute that there was no trial, nor does she state
that she demanded one. She next accuses Dominguez of “perjury by lying” in that Dominguez
described Martinez as calm and composed when she was in reality an emotional wreck and feeling
fear and pressure. She does not dispute, much less mention, the findings to the contrary by the judge
in the bill of review proceeding, which we have affirmed. 
            Consequently, Dominguez has conclusively negated this element of Martinez’s claim and
established her entitlement to summary judgment. Martinez’s summary judgment response does not
establish any genuine issue of material fact as to whether Dominguez failed to properly advise her
of the consequences of signing the affidavit of relinquishment or that Dominguez otherwise breached
a duty owed. Points of Error Two, Four, and Five are overruled. The judgment of the trial court is
affirmed.

August 12, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 5
Barajas, C.J., McClure, and Andell, JJ.
Andell, C.J. (sitting by assignment)