EIGHTH DISTRICT OF TEXAS



| | | |
|---|---|---|
| EDITH ROMAN, | § | No. 08-13-00066-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Municipal Court of Appeals |
| THE STATE OF TEXAS, | § | |
| | | of El Paso, Texas |
| Appellee. | § | |
| | | (TC# 12-MCA-3603A) |
| | § | |

## **O P I N I O N**

*Pro se* Appellant Edith Roman appeals an El Paso Municipal Court of Appeals ("El Paso MCA") order affirming her conviction in the City of El Paso Municipal Court ("El Paso Municipal Court") on one count of failure to maintain financial responsibility under the Texas Traffic Code. In two issues, Appellant argues that the El Paso Municipal Court's purported failure to provide her with the reporter's record from the guilt-innocence phase of trial rendered the record "lost" for purposes of the Texas Rules of Appellate Procedure, entitling her to a new trial. In the alternative, Appellant contends that the El Paso MCA violated her due process and equal protection rights as an indigent defendant by affirming her conviction without ensuring she had constitutionally adequate access to her appellate record. For the following reasons, we affirm.

## BACKGROUND

### *In the Trial Court*

On June 28, 2012, Appellant appeared *pro se* before El Paso Municipal Court Judge Maximiliano Munoz to contest a traffic citation she received for Failure to Maintain Financial Responsibility. She requested and received a trial by jury. At trial, the assistant city attorney called Officer Berkeley Hatch, the traffic officer who issued the citation, as its sole witness. Officer Hatch testified that Appellant was pulled over for having a broken headlamp on her car. Officer Hatch further testified that Appellant did not provide any insurance information when asked, which led to the citation at issue. Appellant cross-examined Officer Hatch on police discretion in giving traffic citations and on his memory of the specific event and other traffic citations he had issued. Appellant did not testify or present witnesses on her own behalf. The jury found Appellant guilty and assessed a fine of $500.00 plus court costs. The municipal trial court then entered judgment on the verdict. Appellant applied for and received a waiver of the appeal bond and filing fee from the trial court, then appealed to the El Paso MCA.

### *Before the El Paso MCA*

Before the El Paso MCA, Appellant requested that Judge Odell Holmes order the trial court to provide her with the reporter's records for this and two related appeals.[1] When she received the volumes, Appellant moved for a new trial under TEX.R.APP.P. 34.6(b), contending that she could not effectuate an appeal on the issues of legal sufficiency and improper comments by the trial court because she never received the reporter's record volume from the guilt-innocence phase of her trial in this cause. The El Paso MCA issued an opinion denying her request for a new trial, stating that although the guilt-innocence phase transcript indicated that

---

[1] The related appeals filed with this Court are styled *Edith Roman v. The State of Texas*, 08-13-00018-CR, and *Edith Roman v. The State of Texas*, 08-13-00019-CR.

certain portions of trial testimony were inaudible, the evidence presented therein was sufficient to sustain her conviction. *See Roman v. State*, No. 12-MCA-3603A (El Paso Mun.App.Ct., El Paso, Tex., Dec. 12, 2012)(unpublished). Appellant moved for rehearing, stating that the El Paso MCA has misconstrued her request and arguing (1) that she still did not possess a copy of the guilt-innocence transcript, and (2) that rendition of judgment when she did not have access to the complete appellate record would violate her due process and equal protections rights as an indigent appellant. In its opinion on rehearing, the El Paso MCA held that it was "satisfied that those records were made available to Appellant, and in fact, reviewed by her." *See Roman v. State*, No. 12-MCA-3603A (El Paso Mun.App.Ct., El Paso, Tex., Jan. 23, 2013)(Op. on reh'g)(unpublished).

### Before the Eighth Court of Appeals

On July 19, 2013, Appellant filed a Motion for Constitutionally Adequate Access of Appellate Record and Opportunity to File Brief with this Court. We granted her motion in part, permitting her to view the appellate record on the premises of the Eighth Court of Appeals. However, we denied her request for leave to submit supplemental briefing, noting that under TEX.GOV'T CODE ANN. §30.00027(b)(1)(West Supp. 2013), our review is statutorily restrained to only those records and briefs submitted to the El Paso Municipal Court of Appeals.

Following her review of the record, Appellant filed a Notice Regarding Appellant's Review of the Appellate Record on October 4, 2013, with this Court. In the notice, Appellant again moved for a new trial on the grounds that six reporter's record volumes appear in this Court's files for her three companion appeals, whereas she allegedly only received five from the trial court. In support of her claim, Appellant referenced an e-mail she presented to the El Paso MCA that she received from Stanley Cooper of the El Paso Municipal Clerk's Office, who

3

verified that she received five volumes of reporter's records from her three trials. She complained that her due process and equal protection rights were violated because "[a]ll five volumes received by Appellant were bundled together, without rhyme or reason, could not be readily identified, are missing huge portions, are unclear, contain numerous inaudibility instances (in excess of the normal) [sic] and are just unusable in that condition. Yet before the Court of Appeal [sic] there appear 6 volumes, determinably placed in the order best suited for the sake of convenience and appearance." She also raised an additional complaint for the first time before this Court, contending that the trial judge erred by failing to grant a mistrial when a biased juror "ended up on the jury due to misrepresentations and misconduct . . . [that] had been brought up repeatedly to the judge."

## DISCUSSION

In reviewing the documents she filed with the El Paso MCA, we determine that Appellant has raised two issues on appeal before this Court. We address each issue in turn.

### *New Trial under TEX.R.APP.P. 34.6*

In Issue One, Appellant contends we should grant her a new trial under TEX.R.APP.P. 34.6 because she never received a copy of the guilt-innocence phase of the reporter's record, rendering it "lost" or "destroyed" for purposes of the Rule. We disagree.

"Except as modified" by the Uniform Municipal Courts of Record Act, TEX.GOV'T CODE ANN. §§ 30.00001-30.00164 (West 2004 & Supp. 2013), and the El Paso Courts Act, TEX.GOV'T CODE ANN. §§ 30.00122-30.00164, "the Code of Criminal Procedure and the Texas Rules of Appellate Procedure govern the trial court cases before the municipal courts of record" in the City of El Paso. TEX.GOV'T CODE ANN. 30.00023; *see also Ochoa v. State*, 994 S.W.2d 283, 285 (Tex.App.--El Paso 1999, no pet.)(applying Rules of Appellate Procedure in reviewing an

4

appeal from the El Paso MCA). Rule 34.6 grants a defendant the right to a new trial if, *inter alia,* a reporter's notes and records that were properly requested are lost or destroyed, not through the fault of the defendant. TEX.R.APP.P. 34.6. "A court reporter's notes and records, or portions thereof, can be considered 'lost' only if the missing portions of the appellate record are irretrievable." *Johnson v. State*, 151 S.W.3d 193, 196 (Tex.Crim.App. 2004). Here, the reporter's record from the guilt-innocence phase appears in this Court's file, and Appellant has been permitted on at least one occasion to view the reporter's record on this Court's premises. Apart from a few scattered words that the court reporter could not adequately transcribe from the recording, the reporter's record appears to be a complete, readable, and useable document. Because Rule 34.6 governs the existence of records and not access to records that clearly exist, the Rule is inapplicable under these facts and a new trial is unwarranted.

Issue One is overruled.

### *Procedural Due Process and Equal Protection*

In Issue Two, Appellant complains that the El Paso MCA violated her due process and equal protection rights as an indigent appellant by rendering a decision without ensuring she first had access to the purportedly missing reporter's record volume so she could effectuate her appeal. Although we are restricted from considering arguments not briefed before the El Paso MCA by statute, *see* TEX.GOV'T CODE ANN. § 30.00027(b)(1), because Appellant's claims implicate procedural due process issues with the municipal appeals process, we entertain her arguments in the interest of justice. However, since we cannot entertain any substantive arguments not properly briefed to the court below, we read Appellant's motion as requesting abatement to allow her to fully develop arguments on legal sufficiency and improper judicial comment before the El Paso MCA. We deny this request.

5

In assessing Appellant's procedural due process claim, we must first determine whether she had a predicate "constitutionally protected property or liberty interest at stake, and if so, what process is due to sufficiently protect that interest." *Martinez v. Texas Department of Protective & Regulatory Services*, 116 S.W.3d 266, 271 (Tex.App.--El Paso 2003, pet. denied). An indigent criminal defendant on direct, non-discretionary appeal has the right to a free copy of his trial transcript under equal protection "if it is needed for an effective appeal or an effective defense." *Easily v. State*, 248 S.W.3d 272, 276 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd)[Emphasis omitted]; *see also Register v. Thaler*, 681 F.3d 623, 625 (5th Cir. 2012)(citing Texas law). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Martinez*, 116 S.W.3d at 271; *see also Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). "Exactly what process is due in any given situation is measured by a flexible standard that depends on the practical requirements of the circumstances." *Martinez*, 116 S.W.3d at 271. We balance three factors in marking the contours of procedural due process protection: (1) "the private interest affected by the state action;" (2) "the risk of erroneous deprivation of a constitutionally protected interest...and the likely benefit of any additional procedures;" and (3) "the government's interest, including the fiscal and administrative burdens that additional procedural requirements would entail." *Id.*

Here, we find that abatement for development of issues in the El Paso MCA is unnecessary, since Appellant already received all the process she was due. When the El Paso MCA did not address her argument regarding access to the guilt-innocence reporter's record to her satisfaction in its first opinion, Appellant moved for rehearing on that same issue and received a response. Rehearing in the El Paso MCA was sufficient to allow Appellant to be

heard on the issue for procedural due process purposes. *See Martinez*, 116 S.W.3d at 271 (due process given where party has opportunity to be heard on an issue). On rehearing, the El Paso MCA reviewed its records and made a finding that she had, in fact, received a copy of the guilt-innocence transcript. The El Paso MCA's adverse ruling against Appellant does not mean that she was denied her constitutional rights. "Due process of law is not denied when the complaining party fails to support its claim in a hearing held for that purpose." *Gibraltar Sav. Ass'n v. Frankling Sav. Ass'n*, 617 S.W.2d 322, 328 (Tex.Civ.App.--Austin 1981, writ ref'd n.r.e.).

Even assuming the truth of Appellant's contention for the sake of argument, we find that additional process would not allow her to prosecute an effective appeal on the issues of legal sufficiency and improper judicial comment, as alleged in her El Paso MCA brief. The evidence presented at trial, when viewed in the light most favorable to the State, could have allowed a jury to find her guilty beyond a reasonable doubt. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007)(setting out legal sufficiency standard). The arresting officer positively identified Appellant in open court, testified that he properly pulled Appellant over for having a broken taillight on her car, and stated that he gave Appellant a citation when failed to furnish proof of financial responsibility. Appellant cross-examined the officer, who was the sole witness in the trial, about his memory of the event and his ability to use discretion in deciding how and when to issue traffic citations. When a reasonable jury could find that each element of a charge is satisfied beyond a reasonable doubt, the evidence is legally sufficient to sustain a conviction and we are without power to disturb the jury's verdict. *Id.* Further, in our review of the reporter's record from the guilt-innocence stage of trial, we find no improper comments raising constitutional concerns from the trial judge. *See generally Brown v. State*, 122 S.W.3d 794, 797-

7

801 (Tex.Crim.App. 2003)(generally discussing types of improper judicial comments).

The benefit of expending limited judicial resources by abating and remanding for a hearing on the issue of access and development of additional grounds in the El Paso MCA would be minimal.  *See Martinez,* 116 S.W.3d at 271 ("fiscal and administrative burdens" of process may be counterbalanced against risk of erroneous constitutional right deprivation and procedure benefit).  We are satisfied that Appellant has received all process due to her, that her constitutional rights were adequately protected throughout the scope of her trial and appeal, and that her conviction is based on legally sufficient evidence.

Issue Two is overruled.  We affirm the El Paso MCA's judgment.

March 5, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

8