Taylor **MADDOX**, Appellant,

v.

**TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES**, Appellee.

No. 08–99–00181–CV.

Court of Appeals of Texas, El Paso.

Feb. 28, 2001.

Taylor Maddox, Appellant pro se.

Daisy Everhart, Attorney ad Litem, Lyda Ness, Jose R. Rodriguez, County Attorney, Thomas E. Stanton, El Paso, Attorneys for Appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## *OPINION*

McCLURE, J.

Taylor Maddox, pro se, appeals a judgment terminating his parental rights to his two children. Among thirteen issues for review, Maddox alleges that the trial court exceeded its jurisdiction in conducting a new trial after the expiration of its plenary power. We agree, and vacate the judgment dated May 12, 1999.

---

1. On October 27, 1997, a jury convicted Maddox of indecency with a child by sexual contact and the court assessed his punishment at

## FACTUAL SUMMARY

On September 12, 1996, the Texas Department of Protective and Regulatory Services (DPRS) filed a suit affecting the parent-child relationship after receiving a referral related to the welfare of Maddox's two children. According to the supporting affidavit, a paternal aunt who served as the children's temporary managing conservator relinquished custody of the children to DPRS after discovering that Maddox had sexually abused one of the children during supervised visitation. Temporary orders were entered the same day appointing DPRS as temporary managing conservator of the children. The trial court appointed an attorney to represent Maddox on April 7, 1997. On January 20, 1998, DPRS sought termination of the parental rights of the children's mother on grounds of abandonment and emotional and physical endangerment. The petition also sought to terminate Maddox's parental rights, alleging that Maddox:

(1) had voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months;

(2) had engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;

(3) had been convicted or had been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child by committing indecency with a child;[1] and

imprisonment for a term of three years. The victim in the offense was Maddox's daughter.

(4) had knowingly engaged in criminal conduct that resulted in his imprisonment and inability to care for the child for not less than two years from the date of filing of the petition.

Following a bench trial, the court entered judgment-dated August 19, 1998–that DPRS had established the latter two statutory grounds by clear and convincing evidence, but that termination of Maddox's parental rights was not in the best interest of the children. The mother's parental rights were terminated and DPRS was named the permanent managing conservator of the children. On September 14, 1998, DPRS and the children's attorney ad litem timely filed a motion for new trial complaining of the finding that termination of Maddox's parental rights was not in the best interest of the children. Among other things, the motion alleged that the trial court had erroneously based its resolution of the best interest issue on a determination that the children would be deprived of past Social Security benefits if Maddox's parental rights were terminated. Maddox, through his then-attorney, filed a written objection to the motion for new trial, complaining that it was not verified and that it was not premised on any legal or factual basis, but simply sought to relitigate issues that had already been determined by the court. The trial court did not explicitly grant the motion but instead set it for hearing on February 9, 1999. By separate order, the hearing was moved forward and scheduled for October 16, 1998. On October 14, the trial court entered formal findings of fact and conclusions of law. Consistent with the August 19 judgment, the trial court specifically found that termination of Maddox's parental rights was not in the best interest of the children.

Two days later, on October 16, the trial court conducted the hearing on the motion for new trial. The parties presented the same arguments made in their respective motion and response. In particular, DPRS argued that the trial court had unfounded concerns regarding the children's inability to receive approximately $40,000 in Social Security benefits in the event Maddox's parental rights were terminated. Since the trial, DPRS had discovered new evidence that termination would not preclude the children from receiving those funds. At the conclusion of the hearing, the trial judge stated that he would inform the parties by correspondence whether he would grant the new trial on the limited issue of best interest of the children. The record does not contain any subsequent correspondence concerning a new trial, much less a specific order granting the relief requested.

Maddox's court-appointed attorney filed a motion to withdraw on December 14, 1998 and the trial court conducted a hearing on that motion on January 5, 1999. At the beginning of the hearing, counsel for DPRS told the court that they were present for a pretrial conference because the case was set for a new trial on February 9. The trial court could not recall granting a motion for new trial. When Maddox's counsel questioned whether the trial court had entered a written order granting a new trial, counsel for DPRS pointed to an order signed by the trial court on September 22, a copy of which she had just provided to Maddox's counsel that morning. The order, filed of record on September 29, reads:

### ORDER SETTING NEW TRIAL *HEARING*

On the 22nd day of September, 1998, the Court came on to consider the motion for new trial filed by Petitioner, Texas

---

Maddox waived his right to appeal that conviction.

Department of Protective and Regulatory Services, and the children's Ad Litem, Daisy Everhart.

IT IS ORDERED that the above-entitled and numbered cause be set for new trial *hearing* on the 9th day of February, 1999, at 9:00 o'clock a.m. before the 65th Judicial District Court, El Paso County Courthouse, 500 E. San Antonio, Room 1105, El Paso, Texas. [Emphasis added].

Maddox's counsel immediately objected that the order did not grant a new trial but merely set a date for a hearing on the motion for new trial. He further objected that the trial court's ability to grant the motion had expired on November 2, 1998. Counsel for DPRS asserted that the court had originally granted a new trial with the order on September 22, but did not file the order of record because the court wished to first hold a hearing before making a decision. After a brief conference off the record, the trial judge announced that his memory had been refreshed and, although the September 22 order was "vague," it had indeed been his intention to grant a new trial. At the conclusion of this hearing, the trial court determined that it would ultimately permit Maddox's court-appointed attorney to withdraw but the court did not immediately appoint new counsel to represent Maddox. The court instead referred the matter to the associate judge for a determination of indigency.

On January 8, 1999, DPRS filed a "Motion to Clarify Order" in which it maintained that the trial court had, by written order, granted a new trial on September 22, 1998 but that the court had failed to specify whether the new trial would be limited to the best interest issue. The motion characterized the October 16 hearing as one scheduled to allow the trial court to determine whether the new trial it had already granted would be limited to the issue of best interest. On January 11, 1999, the trial court entered an order to clarify that its order of September 22, 1998 had granted a motion for new trial on the limited issue of best interest of the children.

The indigency hearing was conducted on January 28, 1999. The associate judge determined that Maddox had not established indigency, and consequently, refused to appoint new counsel to represent him. A few days later, the trial court signed an order permitting counsel to withdraw from representation of Maddox. Maddox, acting pro se thereafter, filed several motions to dismiss the termination action alleging that the trial court lacked jurisdiction since it had failed to grant the new trial within seventy-five days of the date of judgment.[2] Over his protests and continued claims of indigency, Maddox was unrepresented in the termination "retrial" conducted on May 11, 1999.[3] On May 12, 1999, the trial court, upon finding that termination of Maddox's parental rights

2. The record does not reflect a ruling on any of these motions.

3. The record before us does not contain a transcription of the trial held on May 11, 1999. Instead, in the two volumes purporting to be the record of the May 11 trial is a transcription of the August 1998 trial in its entirety, including the exhibits introduced into evidence during the earlier trial. This portion of the record is marked "P 1." We assume that DPRS and the attorney ad litem for the children simply offered a transcription of the August 1998 trial as evidence. This portion of the record also contains a telephonic deposition of Maddox's sister, Linda Maddox Lanier, taken on May 7, 1999. The deposition is marked "AL 1." Again, we assume that the ad litem for the children introduced the deposition at the May 11 proceeding.

was in the best interest of the children, rendered the judgment at issue.

## JURISDICTION

In his sixth issue presented on appeal, Maddox contends that the trial court lacked jurisdiction to conduct a new trial. We address this issue first because if Maddox is correct, the termination order is void and must be vacated. *See In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998)(vacating an order that the court found to be void); *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485–86 (Tex.1995)(declaring void an order signed after the district court's plenary jurisdiction had expired).

### *Plenary Power*

 We first pause to comment that Maddox has incorrectly determined the period of the trial court's plenary power. He contends that plenary power expired on November 2, 1998—seventy-five days after judgment. Rule 329b(c) of the Texas Rules of Civil Procedure provides:

> In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

Given that the termination order was signed on August 19, Maddox correctly argues that the seventy-fifth day expired on November 2, 1998. But that is not dispositive of the issue. Rule 329b(e) provides:

> If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are

overruled, either by a written and signed order or by operation of law, whichever occurs first.

Thus, the motion for new trial here was overruled by operation of law on November 2, 1998. However, the trial court's plenary power did not expire until thirty days later, on December 2, 1998. *Thomas v. Oldham,* 895 S.W.2d 352, 356 (Tex.1995). Although a motion for new trial is overruled by operation of law unless a new trial is granted by written order signed by the seventy-fifth day following the date of judgment, the trial court nevertheless possesses plenary power for an additional thirty days, up to a maximum of 105 days. *See Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985). While the difference is a substantive one, it makes no difference here, as the issue is the viability of the September 22 order. In other words, the issue before us is whether the September 22 order granted a new trial or whether it merely set a hearing date for the motion for new trial. If the former, there is no jurisdictional impediment because the order was signed well before the expiration of the seventy-fifth day. If the latter, no new trial was granted by written order within the trial court's period of plenary power, and consequently, the judgment of May 12, 1999 is void.

### *The September 22 Order*

 Rule 329b(c) requires that an order granting a motion for new trial be written and signed by the trial court. Because there is a time limit on the court's jurisdiction to act on a motion for new trial, the order must not only be in writing and signed by the trial court, but it must also be express and specific. *See Walker v. Harrison,* 597 S.W.2d 913, 915–16 (Tex. 1980); *McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980); *Reese v. Piper,* 534 S.W.2d 329, 331 (Tex.1976).

DPRS does not dispute the fact that the trial court's order does not expressly grant

its motion for new trial. Characterizing the trial court's reference to a *hearing* in the September 22 order as a misnomer, DPRS maintains that the order must be construed as inherently granting a new trial rather than simply setting a hearing on the motion because the trial court would have lost jurisdiction after November 2, 1998 to conduct a hearing. While the trial court initially set a "new trial hearing" for February 9, 1999 by virtue of the September 22 order, the court then entered a subsequent order on September 30 which moved the hearing to October 16. There is no support in the record for DPRS's assertion that the trial court granted the new trial by the September 22 order, but then decided to conduct a hearing on October 16 to determine whether the new trial would be limited to the best interest issue. A more plausible explanation is that the trial court realized its error in setting the hearing on the motion for new trial outside of the period in which it could exercise plenary jurisdiction, and issued a second order to correct that error by moving the hearing date forward. This explanation is further supported by the trial court's entry of findings of fact and conclusions of law on October 14 which mirror the judgment entered on August 19. The entry of these findings is contrary to any assertion that the trial court had already set aside its prior judgment with respect to the termination case against Maddox, and in particular, the best interest issue. If the trial court had already granted the motion for new trial on September 22, it would not have entered a finding on October 14 that termination of Maddox's parental rights was *not* in the best interest of the children. Additionally, we note that neither the trial court nor counsel for DPRS mentioned at the Octo-

ber 16 hearing that the court had already granted a new trial in the case. Despite the efforts of DPRS to explain the *intent* of the September 22 order, the order does not expressly grant a new trial nor does it contain any statement which may be construed as granting the relief sought. Instead, the order merely sets a hearing date. We conclude that the September 22 order did not grant a new trial.

## CONCLUSION

The motion for new trial was overruled by operation of law on November 2, 1998. Plenary power expired on December 2, 1998. The January 11, 1999 clarification order, purporting to resuscitate the September 22 order, was signed after plenary power expired. Accordingly, the trial court lacked jurisdiction to conduct a new trial on the best interest issue and its judgment of May 12, 1999 is void. Issue Six is sustained.[4] We vacate the judgment of the trial court. Pursuant to the order of August 19, 1998, DPRS remains the permanent managing conservator of the children.

---

4. Given our disposition of this issue, it is unnecessary to address the remaining twelve issues.