Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




TAYLOR MADDOX,


 Appellant,


v.


TEXAS DEPARTMENT OF
PROTECTIVE AND REGULATORY
SERVICES,


 Appellee.

§


§


§


§


§

No. 08-02-00200-CV


Appeal from the


65th District Court


of El Paso County, Texas


(TC#96CM6502)


MEMORANDUM OPINION



 This is an appeal from an Order Sustaining Objection to Affidavit of Indigency. For
the reasons stated, we affirm the judgment of the trial court. 

I. SUMMARY OF THE EVIDENCE


 On February 13, 2002, a jury determined the parent-child relationship between
Appellant, Taylor Maddox, and his children should be terminated. From the time the jury
returned the verdict up to the present appeal, Appellant is pro se. Prior to the court issuing
its Order Terminating the Parent-Child Relationship on April 2, 2002, Appellant filed an
affidavit of indigency on March 4, 2002. Appellant filed the affidavit asserting he did not
have the funds to appeal. Three days later, on March 7, 2002, the attorney ad litem for the
children filed an objection to the respondent's affidavit of indigency. The trial court
scheduled a hearing on indigency on March 14, 2002. At the hearing, the trial court orally
pronounced it would deny Appellant's affidavit of indigency. On April 5, 2002, the court
signed its Order on Objection to Affidavit of Indigency. Thereafter, Appellant timely filed
his notice of appeal of the trial court's order. (1)II. DISCUSSION

 Appellant presents three issues for our review. In his first issue, Appellant contends
the lower court erred by failing to find Appellant was indigent. Appellant's second issue
asserts that the trial court erred because it failed to appoint an attorney ad litem for him. 
Lastly, Appellant in his third issue argues he was denied due process under the law. A. Abuse of Discretion Standard of Review

 We review a trial court's determination of indigency status under an abuse of
discretion standard. White v. Bayless, 40 S.W.3d 574, 576 (Tex. App.--San Antonio 2001,
pet. denied); In re Smith, 70 S.W.3d 167, 168 (Tex. App.--San Antonio 2001, no pet.). "A
[party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy
burden." Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding). The test for abuse of discretion is not whether, in the opinion of this Court, the
facts present an appropriate case for the trial court's actions. Rather, it is a question of
whether the court acted without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985) cert. denied, 476 U.S.
1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Amador v. Tan, 855 S.W.2d 131, 133 (Tex.
App.--El Paso 1993, writ denied). Another way of stating the test is whether the act was
arbitrary or unreasonable. Downer, 701 S.W.2d at 242 (citing Smithson v. Cessna Aircraft
Co., 665 S.W.2d 439, 443 (Tex. 1984)); Amador, 855 S.W.2d at 133. The mere fact that a
trial court may decide a matter within its discretionary authority in a different manner than
an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion
has occurred. Downer, 701 S.W.2d at 242 (citing Southwestern Bell Telephone Co. v.
Johnson, 389 S.W.2d 645, 648 (Tex. 1965)). A mere error of judgment is not an abuse of
discretion. Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989).

B. Trial Court's Ruling on Appellant's Indigency Status

 In Issue No. One, Appellant contends the trial court erred when it failed to find he was
indigent. Appellant claims the trial court did not have the authority to make its decision
because Appellant had previously filed an indigency affidavit for trial purposes that was not
properly contested. Appellant relies on Rule of Appellate Procedure 20.1(f) which states: (2) 


Unless a contest is timely filed, no hearing will be conducted, the affidavit's
allegations will be deemed true, and the party will be allowed to proceed
without advance payment of costs . . .


Tex. R. App. P. 20.1(f). 

 Since the affidavit was not contested and a hearing was not held on the affidavit,
Appellant asserts the allegations in his affidavit of indigency for appeal purposes should be
deemed as true. Contrary to Appellant's argument, Appellee asserts it properly contested
Appellant's affidavit of indigency on March 7, 2002. Appellee also asserts Appellant did
receive a hearing on the issue of indigency and the trial court timely signed its Order
Sustaining Objection to Affidavit on April 5, 2002. Appellee argues the trial court order was
timely because Appellant prematurely filed his notice of appeal. Moreover, Appellee
contends the trial court did not abuse its discretion in sustaining Appellee's contest because
Appellant failed to prove the allegations presented in his affidavit.

 First, we address the trial court's timeliness in signing the Order Sustaining Objection
to Affidavit of Indigence. Rule of Appellate Procedure 20.1(i)(4) states: 

Unless-within the period set for the hearing-the trial court signs an order
sustaining the contest, the affidavit's allegations will be deemed true, and
the party will be allowed to proceed without advance payment of costs. 

Tex. R. App. P. 20.1(i)(4). As previously stated, the order of events occurred as follows: 

1) Appellant filed his affidavit of indigency on March 4, 2002; 


2) Appellee contested Appellant's affidavit on March 7, 2002; 


3) Trial court scheduled a hearing on Appellant's status as an indigent on
March 14, 2002; 


4) Trial court signed the Order Terminating Parent-Child Relationship on
March 29, 2002; 


5) Trial court signed the Order Sustaining Objection to Affidavit of
Indigence on April 3, 2002; 


Although the trial court did not sign the Order Sustaining Objection To Affidavit until April
3, 2002, the trial court's order was still signed within the confines of Rule 20.1(i)(4) because
Appellant prematurely filed his affidavit of indigency. An affidavit of indigency must be
filed in the trial court after judgment for the purposes of appeal. Holt v. F.F. Enterprises,
990 S.W.2d 756, 758 (Tex. App.--Amarillo 1998, pet. denied) [Emphasis added]. Here,
Appellant prematurely filed his affidavit because the trial court did not sign its Order
Terminating Parent-Child Relationship until March 29, 2002. The appellate timetable did
not commence until after the trial court signed the order terminating the parental relationship. 
Schaeffer Homes, Inc. v. Esterak, 792 S.W.2d 567, 569 (Tex. App.--El Paso 1990, no pet.)
(The signing of a formal order is essential to trigger the appropriate appellate timetable under
Tex. R. Civ. P. 306a; Goff v. Tuchscherer, 627 S.W.2d 397, 398-99 (Tex. 1982)(Appellate
steps commence the day the judge signs an order).

 Since the appellate timetable did not commence until after the formal order was
signed, the effective date of the affidavit and the contest was March 29, 2002. Using March
29, 2002 as the effective date, the trial court had until April 8, 2002 to sign the order
sustaining Appellee's contest. In Interest of G.C., 22 S.W.3d 932, 933 (Tex. 2000) (Within
ten days after a party contests an affidavit of indigence, Tex. R. App. P. 20.1 requires a trial
court to sign an order either sustaining the indigence contest or extending the time for
hearing it). Thus, the trial court did not exceed the requirements of Rule 20.1(i)(4) because
the court signed the order sustaining the contest on April 3, 2002. 

 Next, we address whether the trial court abused its discretion in sustaining Appellee's
contest. Appellee contends the trial court did not abuse its discretion because Appellant
failed to prove allegations in his affidavit as required by Rule 20.1(g). Rule 20.1(g) states,
"[i]f a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's
allegations." Tex. R. App. P. 20.1(g). However, Appellant argues he did prove the
allegations in his affidavit because he previously submitted an Affidavit of Inability to Pay
that was uncontested. Thus, Appellant contends he is indigent and the affidavit allegations
for appellate purposes are true. 

 Based upon the record, we disagree with Appellant for the following two reasons. 
First, Appellant is asking this Court to rely on trial court decisions made in 1996 and 1999
that have no bearing on the present appeal as proof that the allegations in his current affidavit
are true. (3) Appellant is attempting to use information from his trial affidavit of indigency to
prove his indigency status for this present appeal. However Tex. Civ. P. Rule 145, which
sets forth the requirements of affidavit of inability to pay at the trial court level, does not
relate forward for appeal purposes. Baughman v. Baughman, 65 S.W.3d 309, 312-13 (Tex.
App.--Waco 2001, pet. denied); Holt, 990 S.W.2d at 758. 

 Moreover, this Court must determine the case based upon the record filed. Tex. R.
App. P. 38.1(h); Dominguez v. Gilbert, 48 S.W.3d 789, 794 (Tex. App.--Austin 2001, no pet.)
(citing Mitchison v. Houston Indep. School Dist., 803 S.W.2d 769, 771 (Tex. App.--Houston
[14th Dist.] 1991, writ denied). In the present appeal, Appellant specifically references
citations to the clerk's record of Cause Number 08-99-00181-CV as proof that he is indigent. 
See Maddox v. Texas Dep't of Protective and Regulatory Services, 45 S.W.3d 210 (Tex.
App.--El Paso 2001, no pet.). Although we allow some latitude to pro se litigants in briefing
requirements, the rules of evidence and procedures are still applicable. Holt, 990 S.W.2d at
759. If pro se litigants were not required to follow the applicable rules of procedure, they
would be given an unfair advantage over those who are represented by counsel. Id. Thus,
Appellant's brief, which cites the Clerk's Record from Cause Number 08-99-00181-CV, fails
to support his argument with appropriate citations to the present Clerk's Record. 

 Second, we find the trial court did not abuse its discretion in finding Appellant was
not indigent. The hearing on Appellant's affidavit of indigency was scheduled for March 14,
2002. At the time the hearing was scheduled, Appellant was living in another state. He
stated he could not attend because he could not afford the trip on such "short notice." Since
Appellant was not able to personally appear at the hearing, he filed a Brief in Lieu of
Personal Appearance. In his brief Appellant stated the court record contained "many pages
of proof of living expenses, income and debt." Furthermore, Appellant also wrote a letter
to the court stating he had sent the following information: 

1. Rent receipts;


2. A copy of hospital and doctor bills;


3. A copy of the Internal Revenue Tax lien of over $196,000;


4. Proof of receipt of $904.00 monthly from the Social Security
Administration for disability; and


5. Copies of bank statements. 


Although Appellant asserts he presented proof of his indigency, based upon the record he did

not. Appellant's statements that he was indigent provide the only "evidence" in the record
before us. First, Appellant's own affidavit merely provides statements of his income, assets,
real property, expenditures, and debts. Appellant did not provide proof for the validity of
these statements, such as receipts. Second, Appellant's Brief in Lieu of Appearance and
letter to the court also fail to provide proof of Appellant's indigency status. Both the brief
and the letter do not provide copies of receipts or records to prove Appellant's indigency. 
Lastly, we do not find the trial court acted unreasonably when it denied Appellant's affidavit. 
The trial court's order specifically stated: 

[Appellant's] letter mentions some rent receipts, hospital and doctor bills,
copy of Internal Revenue tax lien and proof of income. But those were not
forwarded to the Court and are not subject to the Court's review. Based on
his failure to appear and based on the unavailability of Mr. Taylor Maddox
for cross examination on his filed pleadings and arguments, I'll deny his
affidavit of indigency. 

Thus, we find the trial court did not abuse its discretion to deny Appellant's affidavit of
indigency because Appellant failed to provide proof of his indigency. We overrule
Appellant's Issue No. One.

C. Appointment of Attorney Ad Litem

 In Appellant's second issue, he contends the trial court erred by failing to appoint an
attorney ad litem. Since we have determined the trial court did not err in finding Appellant
was not indigent, the trial court was not required to appoint an attorney ad litem. Therefore,
we overrule Appellant's Issue No. Two.

D. Due Process

 In his third issue, Appellant asserts both he and his children were denied due process
under the law because Judge Macias refused Appellant's multiple requests for Findings of
Fact and Conclusions of Law. Although Appellant asserts his constitutional rights have been
violated, his argument on appeal is based on the trial court's abused discretion by failing to
file an Associate Judge's Report and the Finding of Facts and Conclusions of Law. The case
law cited by Appellant relates to remedies appellate courts should attempt when a trial court
fails to provide Findings of Facts and Conclusions of Law and not to a violation of due
process. Furthermore, Appellant asserts Judge Macias abused her discretion, but the trial
judge of the present appeal was Judge Chavez, not Judge Macias. Once again Appellant is 

asking this Court to adjudicate issues that are not presently before us. Therefore, we overrule
Appellant's Issue No. Three. 

 Having overruled Appellant's issues, we sustain the trial court's Order on Objection
to Affidavit of Indigency.

July 25, 2003

 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure and Chew, JJ.
1. Appellant has also filed a notice of appeal contesting the Order Terminating the Parent-Child
Relationship. See Maddox v. Texas Dep't of Protective and Regulatory Services, No. 08-02-0133-CV. However, the
appeal has been abated pending the outcome of this case. 
2. Appellant provides case law which cites Rule of Appellate Procedure 40(a)(3), which has now been
combined with Rules 13(k) and 53(j) to form Rule 20.
3. Appellant has previously appealed the termination of his parental rights in Cause No. 08-99-00181-CV. 
See Maddox v. Texas Dep't of Protective and Regulatory Services, 45 S.W.3d 210 (Tex. App.--El Paso 2001, no
pet.). For purposes of this appeal, the Court only has the Clerk's Record for the present trial on indigency and the
subsequent orders dating from 2002. Appellant has asked this Court in his brief to review former proceedings dating
back to 1996 through 1999 from Cause No. 08-99-00181-CV. However, this Court does not have jurisdiction over
any issues that may have arisen in previous proceedings and thus will not address those issues.