143 S.W.3d 249 (2004)
In the Interest of T.A.C.W.
No. 04-04-00195-CV.
Court of Appeals of Texas, San Antonio.
July 9, 2004.
Bertram Oliver Wood, III, San Antonio, for Appellant.
Scott Roberts, Asst. Crim. Dist. Atty., William G. Delano, Jr., Brenda Lee Knowles, Law Office of Brenda Lee Knowles, San Antonio, for Appellee.
*250 Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

OPINION
Opinion by PHYLIS J. SPEEDLIN, Justice.
Dwayne Walton ("Walton") appeals the trial court's order terminating his parental rights to his daughter, T.A.C.W. We abate the appeal and remand to the trial court for further proceedings.

BACKGROUND
The Texas Department of Protective and Regulatory Services (the "Department") petitioned the court to terminate Walton's parental rights to his daughter, T.A.C.W. After a bench trial, the court found that Walton had constructively abandoned the child and that termination of Walton's parental rights was in the best interest of the child. The order terminating Walton's parental rights was signed on January 15, 2004. Walton filed a motion for new trial on January 28, 2004. Walton timely filed notice of appeal on February 3, 2004. His statement of points on appeal, however, was not filed until February 26, 2004, after expiration of the 15-day period specified in Section 263.405(b) of the Texas Family Code. Tex. Fam.Code Ann. § 263.405(b) (Vernon 2002). Walton also filed an affidavit of inability to pay the costs of appeal. On March 12, 2004, the trial court held a hearing on Walton's motion for new trial, but did not rule on whether a new trial should be granted, whether Walton's claim of indigence should be sustained, or whether his appeal is frivolous as required by Section 263.405(d) of the Texas Family Code. Tex. Fam.Code Ann. § 263.405(d) (Vernon 2002).

ANALYSIS
Section 263.405(b) of the Texas Family Code provides that "[n]ot later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal." Tex. Fam.Code Ann. § 263.405(b). Walton's statement of points on appeal was filed after the prescribed 15-day period. Subsection (d) of Section 263.405 requires the trial court to hold a hearing within thirty days of the date the termination order was signed and to determine whether: "(1) a new trial should be granted; (2) a party's claim of indigence, if any, should be sustained; and (3) the appeal is frivolous as provided by Section 13.003(b) of the Texas Civil Practice and Remedies Code." Tex. Fam.Code Ann. § 263.405(d). The trial court did not make the rulings required by Section 263.405(d).
It appears from the record that the trial court questioned its jurisdiction to make any ruling under Section 263.405(d) because of the untimeliness of Walton's statement of points on appeal. We have not previously addressed the issue of whether we have jurisdiction when an appellant files a timely notice of appeal, but then files a late statement of points on appeal. We join our sister courts in holding that an appeal from a termination order is perfected by the timely filing of a notice of appeal, and a late-filed statement of points on appeal does not deprive the appellate court of jurisdiction. See Tex.R.App. P. 25.1(b); see In re D.R.L.M., 84 S.W.3d 281, 290-91 (Tex.App.-Fort Worth 2002, pet. denied) (holding appellant's failure to file statement of points on appeal within fifteen days of the final termination order did not deprive appellate court of jurisdiction where notice of appeal was timely filed); In re S.J.G., 124 S.W.3d 237, *251 243 (Tex.App.-Fort Worth 2003, pet. denied) (complete failure to file statement of points on appeal is not a jurisdictional defect); see also In re T.C., No. 07-03-0077-CV, 2003 WL 21658314 at *2 (Tex.App.-Amarillo 2003, no pet.) (not designated for publication) (filing of a statement of points on appeal does not affect the appellate court's jurisdiction).
The purpose of the statutory requirement of a statement of points on appeal is to provide the trial court with a mechanism to determine whether an appeal is frivolous and thereby reduce or eliminate unmeritorious parental-termination appeals. In re S.J.G., 124 S.W.3d at 243; see also In re M.G.D., 108 S.W.3d 508, 516 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (general purpose of the procedures established by Family Code Section 263.405 is to reduce post-judgment appellate delays, not to deprive the appellate courts of jurisdiction). Construing a failure to timely file the statement of points on appeal as a waiver of all non-jurisdictional appellate issues does not accomplish the statutory goals of reducing frivolous appeals and post-judgment delays. See In re S.J.G., 124 S.W.3d at 243.
Walton timely filed his notice of appeal, and we hold that our jurisdiction has been properly invoked. However, because Section 263.405(a) makes parental-termination appeals subject to the procedures provided in that section, we may not proceed further in this appeal without the trial court's ruling as to whether the appeal is frivolous. See Tex. Fam.Code Ann. § 263.405(d)(3), (g). Accordingly, we abate this appeal and remand for a hearing and ruling by the trial court on whether Walton's appeal is frivolous in accordance with Section 263.405(d)(3) of the Texas Family Code. See Tex. Fam.Code Ann. § 263.405(d)(3).