# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00716-CV

**Hydi Wall, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. FM307244, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

Hydi Wall appeals a judgment terminating the parent-child relationship with her children W.C.C. and T.C. In four issues, she contends that the district court erred by failing to strictly construe the language of her affidavit relinquishing her parental rights in a manner that would permit her to revoke the relinquishment; by refusing to hear evidence that her affidavit of relinquishment was obtained by fraud, duress, undue influence, or coercion; and by failing to set a hearing on her motion for new trial. Because the district court erred by failing to conduct a hearing pursuant to section 263.405(d) of the family code, we abate the appeal and instruct the district court to conduct a hearing consistent with the statute and our opinion.

**Procedural History**

Although the issues raised by Wall do not require a discussion of the allegations supporting the department's petition, a brief chronology of the litigation is useful. On November 6, 2003, the department filed a suit affecting the parent-child relationship seeking termination of the parent-child relationship between Wall and her children W.C.C. and T.C. After Wall's retained counsel was permitted to withdraw, the district court appointed counsel to represent Wall. In September 2004, Wall filed a request for a jury trial. On October 15, Wall and her counsel attended a mediation with the department, and Wall signed a document entitled "Mother's Affidavit of Relinquishment of Parental Rights to the Texas Department of Protective and Regulatory Services." This is a three-page document in which Wall states that she has decided that termination of her parental rights is in the best interest of her children, that she voluntarily and permanently relinquishes those rights, and that she would like the department to place the children for adoption. Wall and the department also entered into a rule 11 agreement in which the department agreed to "place the children with the first of three friends or family members named by Wall who completes a positive home study." Under the agreement, if none of the individuals named by Wall qualified to adopt the children, the department would place the children elsewhere. The agreement begins by reciting that:

> HYDI WALL is signing today an Irrevocable Affidavit of Relinquishment to the children [W.C.C.] and [T.C.], naming the Department of Family and Protective Services ("the Department") Sole Managing Conservator of the children.

Within hours of signing the affidavit and rule 11 agreement, Wall contacted her attorney and expressed her desire to revoke the relinquishment of her parental rights.

The following day, Wall filed an affidavit attempting to revoke the relinquishment of her parental rights and a motion to vacate the rule 11 agreement. The affidavit does not explain Wall's motivation in revoking the relinquishment of her parental rights but simply states that it is her "desire" to do so. Wall's motion to vacate the rule 11 agreement is not in the record but is reflected on the district court's docket sheet. Wall's request to vacate the rule 11 agreement and revoke the relinquishment of her parental rights was denied at a hearing on October 22. An order terminating the parent-child relationship was signed by the district court on November 1.

Wall timely filed a motion for new trial but encountered some difficulty setting the motion for a hearing. She filed a petition for a writ of mandamus on January 5, 2005, raising essentially the same issues as in this appeal. The petition for a writ of mandamus was denied.

**Discussion**

In her first and second issues, Wall contends that the district court erred by refusing to allow her to revoke the relinquishment of her parental rights. Section 161.103(e) of the family code governs when an affidavit of relinquishment may be revoked:

> The relinquishment in an affidavit that designates the Department of Protective and Regulatory Services or a licensed child placement agency to serve as the managing conservator is irrevocable. A relinquishment in any other affidavit of relinquishment is revocable unless it expressly provides for a stated period of time not to exceed 60 days after the date of its execution.

Tex. Fam. Code Ann. § 161.103(e) (West Supp. 2004-05); *see also Martinez v. Texas Dep't of Protective and Regulatory Servs.*, 116 S.W.3d 266, 271-72 (Tex. App.—El Paso 2003, pet. denied) (designation of department as managing conservator effectively waives right of revocation). Wall

3

points to language in her affidavit in which she designates the department "to care for the Children and to place the Children for adoption." She argues that the language of her affidavit and the statute should be strictly construed, that her affidavit does not explicitly designate the department "managing conservator," and therefore, her affidavit is revocable under the statute. *See* Tex. Fam. Code Ann. § 161.103(e).

We agree that termination proceedings should receive strict scrutiny and that the statutes governing such proceedings are to be strictly construed in favor of the parent. *See Hollick v. Smith*, 685 S.W.2d 18, 20-21 (Tex. 1985). However, we will not categorically ignore the irrevocable nature of a relinquishment of parental rights to the department simply because an affidavit lacks the magic words "managing conservator." We strictly scrutinize the language of Wall's affidavit to determine whether it reflects her intent to designate the department managing conservator of her children. Wall's affidavit clearly and repeatedly states that Wall is permanently relinquishing her rights to her children and that the department "will assume responsibility for [the] Children," "care for the Children," and "place the Children for adoption." Only as managing conservator would the department have the authority to place the children for adoption. The affidavit also recites that the department was already the temporary managing conservator of the children before the relinquishment. Viewing the affidavit as a whole, the only meaningful construction is that Wall intended to designate the department as managing conservator. This intent is further reflected by the language of the rule 11 agreement that Wall "is signing today an Irrevocable Affidavit . . . naming the [department] Sole Managing Conservator of the children." Because we hold that Wall designated the department as managing conservator in her affidavit, she effectively waived her right

4

to revoke the relinquishment of her parental rights. *See* Tex. Fam. Code Ann. § 161.103(e); *Martinez*, 116 S.W.3d at 271-72. Wall's first and second issues are overruled.

In her third issue, Wall contends that Judge Covington[1] failed or refused to hear proffered evidence that Wall's relinquishment of her parental rights was obtained through fraud, duress, undue influence, or coercion. Wall does not cite any portion of the record in support of her claim, and she has not included the motion accompanying her affidavit revoking her relinquishment of parental rights in the record. Having carefully reviewed the record, including the six-page transcript of the hearing on Wall's motion, we find no attempt by Wall to offer evidence of fraud duress, undue influence, or coercion. Wall's only contention at that hearing was that her affidavit was revocable because it did not contain precise language designating the department as managing conservator. Because the record does not support Wall's evidentiary contention, we overrule her third issue.

In her fourth and final issue, Wall contends that the district court erred by failing or refusing to hold a hearing on her motion for new trial. *See* Tex. Fam. Code Ann. § 263.405(d) (West 2002). As such, the district court did not make the required determinations of (1) whether Wall's motion for new trial should be granted, (2) whether her claim of indigence should be sustained, and (3) whether her appeal is frivolous. *See id*.

We first note that the failure to comply with section 263.405 does not deprive this Court of jurisdiction over the appeal. *See In re T.A.C.W.*, 143 S.W.3d 249, 250-51 (Tex. App.—San

---

[1] Although Judge Dietz signed the final judgment in this case, Judge Covington presided over the hearing on Wall's motion and affidavit revoking her relinquishment of her parental rights.

Antonio 2004, no pet.); *In re S.J.C.*, 124 S.W.3d 237, 243 (Tex. App.—Fort Worth 2003, pet. denied); *In re M.G.D.*, 108 S.W.3d 508, 516 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *In re T.C.*, No. 07-03-0077-CV, 2003 Tex. App. LEXIS 6012, at *5 (Tex. App.—Amarillo July 15, 2003, no pet.) (not designated for publication). We also cannot conclude that Wall has waived this issue by failing to obtain a setting on her motion. It is apparent from the record that Wall's counsel contacted several members of the court administrator's staff, requesting a setting on the motion both by phone and facsimile correspondence. This was all that was required under the Travis County District Court local rules. *See generally* Travis County Civ. Dist. Ct. Loc. R. ch. 2.

The language of section 263.405(d) of the family code makes a hearing on a motion for new trial mandatory in a termination case. *See* Tex. Fam. Code Ann. § 263.405(d) ("trial court shall hold a hearing"); *In re M.G.D.*, 108 S.W.3d at 516. But the statute does not say what should happen when a trial court fails to comply with this mandatory provision. *In re M.G.D.*, 108 S.W.3d at 516. The department contends that the district court's failure to hold a hearing resulted in Wall's motion for new trial being overruled by operation of law. It cites *Maddox v. Department of Protective and Regulatory Services*, 45 S.W.3d 210, 214 (Tex. App.—El Paso 2001, no pet.), for the proposition that a motion for new trial under section 263.405 of the family code may be overruled by operation of law. Importantly, *Maddox* involved a motion for new trial filed by the department, and section 263.405 is not discussed in the opinion. *See id*. at 212. It is not at all clear that section 263.405 applies to a motion for new trial filed by the department or that the rules of civil procedure generally governing motions for new trial apply to motions filed under this specific family code provision. However, we need not decide whether Wall's motion was overruled by operation of law

6

because Wall's contention is limited to the trial court's failure to hold a hearing. *See* Tex. Fam. Code Ann. § 263.405(d).

The San Antonio court of appeals recently decided a similar issue in *In re T.A.C.W.*, 143 S.W.3d 249. In that case, a father timely filed a motion for new trial challenging a judgment terminating his parental rights. *Id.* at 250. The father did not file his statement of points of appeal within the statutory fifteen-day deadline as required by section 263.405(b) of the family code. *Id.* A hearing was held on the motion for new trial, but the district court did not make any determinations regarding the motion for new trial, indigence, or whether the points of appeal were frivolous. *Id.* The court of appeals observed that "it appears from the record that the trial court questioned its jurisdiction to make a ruling under section 263.405(d) because of the untimeliness of [the father's] statement of points on appeal." *Id.* The court of appeals held that the trial court did have jurisdiction and should have made the statutory determinations pursuant to section 263.405(d) of the family code. *Id.* at 251. Accordingly, the court abated the appeal and remanded the case so that the trial court could make the statutory determination of whether the father's appeal was frivolous. *Id.* (citing Tex. Fam. Code Ann. §263.405(d)(3)).

The issue raised by Wall is that the district court should have held a hearing on her motion for new trial. *See* Tex. Fam. Code Ann. § 263.405(d)(1). We agree that the hearing was mandatory and that the trial court erred by failing to hold a hearing. *See id*; *In re T.A.C.W.*, 143 S.W.3d at 251; *In re M.G.D.*, 108 S.W.3d at 516.

In her brief, Wall asks that we reverse the judgment and order the district court to set the underlying case for trial. We do not conclude that the failure to hold a hearing on a motion for

new trial should result in the reversal of the judgment itself. Our opinion in an analogous criminal appeal provides some guidance. In *Massingill v. State*, we held that a defendant was deprived of his constitutional right to counsel during the time in which he was to file motions for new trial challenging his conviction in two separate causes. 8 S.W.3d 733, 737 (Tex. App.—Austin 1999, pet. ref'd). Citing prior case law and rule of appellate procedure 44.4, we held that the appropriate remedy was to abate the proceeding for the district court to hold a hearing on the defendant's motions for new trial. *Id*. at 738. We explained that the appeal was abated and the case remanded to the district court for a hearing on the motions:

> If the district court grants the motions, appellant's appeals will be dismissed. If the motions are overruled, the record will be supplemented and the parties will be permitted to brief any issues relating to the overruling of the motions.

*Id*. at 738-39 (footnote omitted).

We must not affirm or reverse a district court's judgment if the district court's error (1) prevents the proper presentation of the case to the court of appeals, and (2) the district court can correct its action or failure to act. Tex. R. App. P. 44.4(a). Under these circumstances, we must direct the trial court to correct the error and then proceed as if the error had not occurred. *Id*. at 44.4(b). As in *Massingill*, the appropriate remedy for the district court's failure to hold a hearing on Wall's motion for new trial is to abate the appeal and instruct the district court to hold a hearing pursuant to section 263.405(d). *See* Tex. R. App. P. 44.4(b); *Massingill*, 8 S.W.3d at 738-39; *see also In re T.A.C.W.*, 143 S.W.3d at 251. The district court is directed to set a hearing for a date no later than 45 days after the date of this opinion. At this hearing, the district court will permit Wall

8

to introduce evidence, if any, that the relinquishment of her parental rights to W.C.C. and T.C. was not voluntary. If the district court grants Wall's motion for new trial, Wall's appeal will be dismissed.[2] If the trial court overrules the motion, the record will be supplemented and the parties will be permitted to brief any issues relating to the hearing and the determinations made by the district court pursuant to section 263.405(d). The supplemental record and any briefing by the parties shall be filed with the court no later than 45 days after the date of the hearing.

**Conclusion**

We overrule Wall's first three issues. Because the district court erred by failing to hold a hearing pursuant to section 263.405(d), we sustain Wall's fourth issue. The appeal is abated and the case remanded to the district court for further proceedings consistent with section 263.405(d) and our opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Filed: August 25, 2005

---

[2] An order granting a motion for new trial is generally not reviewable on appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).