NUMBER 13-05-610-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

IN THE INTEREST OF A.C.A. AND
A.D.A., CHILDREN

 

  On
appeal from the 156th District Court of San Patricio County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza 

                            Memorandum
Opinion by Justice Garza

 








Crystal McCauley-McClure has filed an appeal from
the termination of her parental rights to her minor children, A.C.A. and
A.D.A.  Section 263.405(a) of the Texas
Family Code makes parental‑termination appeals subject to the procedures
provided in that section.  See Tex. Fam. Code Ann. ' 263.405(a) (Vernon Supp. 2005).  Section 263.405(b) of the family code
requires an appellant to file, not later than the fifteenth day after a final
order is signed, a statement Aof the point or points on which the party intends to
appeal.@  See id.
' 263.405(b). 
The record before us contains no statement of points to be raised on
appeal.  No such statement, either
standing alone or within the notice of appeal, motion for new trial, or amended
notice of appeal exists.[1]  

Furthermore, the Legislature added a new subsection,
effective for appeals filed after September 1, 2005, which provides: 

The appellate court may not consider any issue that
was not specifically presented to the trial court in a timely filed statement
of the points on which the party intends to appeal or in a statement combined
with a motion for new trial.  For
purposes of this subsection, a claim that a judicial decision is contrary to
the evidence or that the evidence is factually or legally insufficient is not
sufficiently specific to preserve an issue for appeal.  

 

Id. ' 263.405(i). 
Here, the judgment was entered on September 2, 2005, and the notice of
appeal was filed on September 13, 2005. 
Appellant=s motion for new trial states that Athe evidence was factually and legally insufficient
to support the Judgment.@  

Failure to comply with section 263.405 does not
deprive this Court of jurisdiction over the appeal. See In re T.A.C.W.,
143 S.W.3d 249, 250‑51 (Tex. App.BSan Antonio 2004, no pet.); In re S.J.C., 124
S.W.3d 237, 243 (Tex. App.BFort Worth 2003, pet. denied); In re M.G.D.,
108 S.W.3d 508, 516 (Tex. App.BHouston [14th Dist.] 2003, no pet.).  However, in a situation such as this, where
no statement of points exists and the statement included in the motion for new
trial is insufficient to preserve the issue for appeal, under the express terms
of the statute, there is no contention of error that can be raised that we may
consider on appeal.  See In re J.M.S.,
No. 06‑05‑00139‑CV, 2005 Tex. App. LEXIS 10524 (Tex. App.BTexarkana, Dec. 20, 2005).  








Accordingly, we affirm the judgment of the trial
court.  

We note that The Department of Family and Protective
Services filed a motion to dismiss.  The
motion to dismiss, previously carried with the case, is hereby dismissed as
moot. 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 4th day of May, 2006.

 

                                                                             











[1] Appellant=s amended notice of appeal, which
merely states that appellant wishes to appeal the order of termination, was
filed on December 5, 2005.  Appellee
suggests the amended notice of appeal was untimely filed; however, given the
disposition of our appeal, we do not express an opinion on the timeliness of
the amended notice.  See Tex. R. App. P. 47.1.