

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00342-CV

**VILLA DIJON CONDOMINIUM ASSOCIATION, INC.**
and Implicity Management Company,
Appellants

v.

Mary **WINTERS** and Mila Cheatom,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-03926
Honorable John D. Gabriel, Jr., Judge Presiding[1]

Opinion by:    Jason Pulliam, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  September 7, 2016

APPEAL ABATED AND CAUSE REMANDED WITH INSTRUCTIONS

In this appeal from a default judgment, appellants Villa Dijon Condominium Association,

Inc. and Implicity Management Company assert the trial court erred in concluding it did not have

plenary jurisdiction to grant their motion for new trial.  Because we hold the trial court had plenary

jurisdiction to rule on the motion for new trial, and the trial court's refusal to act is remediable, we

---

[1] The Honorable John D. Gabriel, Jr. signed the default judgment in the underlying cause.  The Honorable Stephani Walsh presided over the hearings on appellants' motion for new trial and appellees' motion for rehearing and ruled the trial court did not have plenary jurisdiction to grant appellants' motion for new trial.

abate the appeal and remand the cause to the trial court with instructions to enter an order ruling on the motion for new trial.

## BACKGROUND

Mary Winters and Mila Cheatom each own a condominium. Villa Dijon Condominium Association, Inc. is the condominium owners' association, and Implicity Management Company is the company that manages the condominium owners' association. Winters and Cheatom sued Villa Dijon and Implicity for negligence and breach of contract after they failed to repair foundation damage to Winters's and Cheatom's condominiums. In the same lawsuit, Winters and Cheatom also asserted claims against three other defendants.

On March 9, 2015, the trial court signed a default judgment against Villa Dijon and Implicity and, in the same judgment, ordered the claims against Villa Dijon and Implicity severed into a separate cause. On April 6, 2015, Villa Dijon and Implicity filed a motion to set aside the default judgment and for a new trial. The motion included both the original cause number and the severed cause number in the caption; however, the motion was filed only in the original cause number.[2]

On April 10, 2015, Winters and Cheatom filed a response to Villa Dijon and Implicity's motion, and the trial court conducted a hearing on the merits of the motion. The trial court announced it was granting the motion for new trial and setting aside the default judgment conditioned upon Villa Dijon and Implicity paying Winters and Cheatom $7,460.40 in costs and attorney's fees incurred in obtaining the default judgment.

---

[2] At the trial court's subsequent hearing on the motion, the district clerk responded to the trial court's inquiry about the e-filing of a document with two cause numbers and informed the trial court "people counter file them because they're only set up to accept one cause number." Although a paralegal testified she was unable to file the motion in the severed cause number because it was closed, the district clerk informed the trial court, "They never close the files, computer-wise or otherwise."

The trial court never signed an order granting the motion for new trial. Instead, on April 13, 2015, Winters and Cheatom filed a motion for rehearing and motion to deny entry of an order granting the motion for new trial. In their motion, Winters and Cheatom argued the trial court lost plenary jurisdiction to grant the motion for new trial. Primarily relying on the Texas Supreme Court's opinion in *Philbrook v. Berry*, 683 S.W.2d 378 (Tex. 1985), Winters and Cheatom asserted that because the motion for new trial was filed only in the original cause number, the motion did not extend the trial court's plenary jurisdiction to set aside the default judgment in the severed cause. Therefore, Winters and Cheatom argued the trial court lost plenary jurisdiction thirty days after the default judgment was signed.

The trial court conducted a hearing on Winters's and Cheatom's motion for rehearing over two days on April 30, 2015 and May 1, 2015. Before the second day of the hearing, Villa Dijon and Implicity filed a response to the motion for rehearing. In their response, Villa Dijon and Implicity cited case law which noted "the Texas Supreme Court has all but expressly overruled the [*Philbrook*] decision." *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, order).

At the conclusion of the hearing, the trial court announced its ruling as follows:

> I go back to — I've lost jurisdiction on the 30th day. And this is a memorandum opinion,[3] but it does seem to discuss the archaic position of *Philbrook*, but it doesn't set it aside either. So perhaps, this Fourth Court needs to set it aside. But I'm going to find that I do not have — did not have jurisdiction on the 10th, and vacate my order which I think requires you [plaintiffs' attorney] to give back the money [attorney's fees and costs].

---

[3] The opinion referenced by the trial court is *Levin v. Espinosa*, No. 03-14-00534-CV, 2015 WL 690368 (Tex. App.—Austin February 3, 2015, no pet.).

**TRIAL COURT'S PLENARY JURISDICTION**

The trial court's plenary jurisdiction in this case turns on whether the motion for new trial filed in the original cause number extended the trial court's plenary jurisdiction to set aside the default judgment. This is not the first time this court has addressed the effect the filing of the motion for new trial in the underlying cause had on jurisdiction. This court previously issued an order in this appeal directing Villa Dijon and Implicity to show cause why the appeal should not be dismissed for want of jurisdiction because the notice of appeal, which was filed on June 3, 2015, would have been due on April 8, 2015 "[a]bsent a timely filed motion that would extend the deadline to file a notice of appeal." After Villa Dijon and Implicity filed a response, this court issued a subsequent order retaining jurisdiction over the appeal, reasoning:

> Appellants' response points us to the clerk's record which shows the motion to set aside the default judgment and for new trial was filed within thirty days of the judgment and the motion caption included both the original and severed cause numbers. The trial court clerk filed the motion in the original cause number but not in the severed cause number. Despite the trial court clerk's apparent error, we conclude Appellants' motion for new trial and notice of appeal were "a bona fide attempt to invoke the appellate court jurisdiction." *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (quoting *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992)); *Tex. G. & S. Invs., Inc. v. Constellation Newsenergy, Inc.*, 459 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The Texas Supreme Court's decision in *Blankenship* is one of the decisions courts have cited as indicating the Texas Supreme Court has all but expressly overruled *Philbrook*. *See Leal*, 17 S.W.3d at 386; *Matlock v. McCormick*, 948 S.W.2d 308, 310 (Tex. App.—San Antonio 1997, no pet.). As signaled in our prior order, we agree *Philbrook* has all but expressly been overruled by the Texas Supreme Court.

In *Philbrook*, Delvin Stanley Philbrook sued Owens-Illinois, Inc. and other defendants. 683 S.W.2d at 379. After Owens-Illinois failed to answer, "Philbrook moved to sever his claims against Owens-Illinois and obtained a default judgment in the severed cause." *Id.* Owens-Illinois

filed a motion for new trial in the original cause rather than the severed cause. *Id*. The trial court "nevertheless considered the motion as if filed in the severed cause and signed an order" granting the motion for new trial fifty-three days after the default judgment was signed. *Id*. Philbrook filed an original mandamus proceeding in the court of appeals arguing the motion for new trial in the original cause did not extend the trial court's plenary jurisdiction in the severed cause. *Id*. The court of appeals denied mandamus relief; however, the Texas Supreme Court granted relief concluding, "Because the motion for new trial was filed in the wrong cause, it did not operate to extend the court's plenary power over its judgment beyond the thirty days prescribed by TEX. R. CIV. P. 329b(d)." *Id*. The court asserted, "In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails." *Id*.

Although the Texas Supreme Court has not expressly overruled *Philbrook*, it has questioned whether it was properly decided on numerous occasions.[4] *See Blankenship*, 878 S.W.2d at 138-39 (reversing court of appeals' judgment dismissing appeal based on *Philbrook* and asserting courts of appeals' decisions should turn on substance rather than procedural technicality); *Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 278 (Tex. 1994) (noting court previously "questioned whether *Philbrook* was correctly decided"); *McRoberts v. Ryals*, 863 S.W.2d 450, 455 (Tex. 1993) (noting "*Philbrook* is not to be given an expansive reading that invalidates bona fide attempts to appeal"); *City of San Antonio v. Rodriguez*, 828 S.W.3d 417, 418 (Tex. 1992) ("Assuming that *Philbrook* was correctly decided, it is not controlling in this case."); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) ("Assuming that *Philbrook* was properly

---

[4] Many intermediate appellate courts, including this court, also have questioned the *Philbrook* decision and refused to follow it. *See, e.g., Manzo v. Lone Star Nat'l Bank*, No. 13-14-00155-CV, 2015 WL 214012, at *1 n.1 (Tex. App.—Corpus Christi Jan. 8, 2015, no pet.) (mem. op.); *Leal*, 17 S.W.3d at 385; *Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Matlock*, 948 S.W.2d at 310; *but see Levin*, 2015 WL 690368, at *1-3 (following *Philbrook* where trial court clerk notified appellant the motion for new trial was misfiled in the original cause number when appellant could still timely file his notice of appeal) (mem. op.).

decided, Mueller's appeal still survives dismissal under its standard."). The most relevant of these decisions for purposes of our analysis is *Mueller*.

In *Mueller*, Jolene Mueller filed a medical malpractice action against a doctor and a pharmacy under cause number 90-CI-11255. 826 S.W.2d at 609. On February 11, 1991, the trial court rendered a take-nothing summary judgment in favor of the doctor. *Id.* In that same judgment, Mueller's claims against the doctor were severed and assigned a new cause number, 90-CI-11255A. *Id.* On February 26, 1991, a take-nothing summary judgment was granted in favor of the pharmacy in the original cause number. *Id.* On March 7, 1991, Mueller filed a motion for new trial in the original cause number seeking a new trial in both the original cause and the severed cause. *Id.* Mueller subsequently appealed the summary judgment in favor of the doctor. *Id.* The court of appeals dismissed Mueller's appeal relying on *Philbrook* "for the proposition that, when a motion for new trial is filed in a cause not containing the judgment the motion assails, the court's plenary power over its judgment is not extended beyond the 30 days prescribed by TEX. R. CIV. P. 329b." *Id.* The Texas Supreme Court held, "Assuming that *Philbrook* was properly decided, Mueller's appeal still survives dismissal under its standard." *Id.* The court reasoned:

> *Philbrook* demands no more than that "the motion for new trial must be filed in the *same cause* as the judgment the motion assails." *Philbrook*, 683 S.W.2d at 379 (emphasis added). That was the case here. First, the judgment assailed was filed under the *original* cause number 90–CI–11255. Consequently, Mueller properly filed her motion for new trial under that same cause number, rather than the severed cause number 90–CI–11255A.

*Id.*[5] (emphasis in original).

---

[5] The court also noted all subsequent motions and rulings by the trial court were made under the original cause number, and "[t]o follow the court of appeals' own reasoning in a similar case, a party should not be punished 'for failure to comply with the terms of an order of severance ignored by [both the opposing party] and the court … [and] should be able to look to [the] judgment to determine the cause number under which he should file his motion for new trial.'" *Id.* (quoting *Southland Paint Co. v. Thousand Oaks Racket Club*, 687 S.W.2d 455, 457 (Tex. App.—San Antonio 1985, no writ)). Although Winters and Cheatom filed their response to the motion for new trial in the severed cause number, we note the trial court conducted a hearing on the merits of the motion for new trial and verbally announced the motion was granted. Winters and Cheatom only raised the issue regarding the trial court's plenary jurisdiction in

Similarly, unlike the default judgment in Philbrook which was "signed in the severed cause,"[6] the default judgment in the instant case was signed in the original cause, and the caption of the default judgment contains the original cause number:



Accordingly, Villa Dijon and Implicity properly filed their motion for new trial in the original cause, and the trial court retained plenary jurisdiction to rule on the motion for new trial when its hearing was held on April 10, 2015. *See id.* Therefore, the trial court erred in ruling it did not have plenary jurisdiction to grant the motion for new trial on April 10th.

**REMEDY**

Rule 44.4 of the Texas Rules of Appellate Procedure entitled "Remediable Error of the Trial Court" provides:

---

their motion for rehearing and motion to deny entry of order granting new trial. Accordingly, the record in this case does not reflect any confusion was created by Villa Dijon's and Implicity's motion being filed only in the original cause number. *See Matlock*, 948 S.W.2d at 310 (holding filing of motion for new trial under original cause rather than severed cause should not defeat jurisdiction where there is no suggestion the parties were confused); *but see Garza v. CMH Homes, Inc.*, No. 04-01-00845-CV, 2002 WL 31465810, at *2 n.1 (Tex. App.—San Antonio Nov. 6, 2002, no pet.) (following *Philbrook* where record suggested appellees were confused because appellants filed motion for new trial in original cause number and failed to provide the appellees notice of the hearing on the motion) (mem. op.).

[6] 683 S.W.2d at 379 (noting Philbrook "obtained a default judgment in the severed cause" and trial judge "signed the default judgment in the severed cause").

>  (a)  *Generally*.  A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>  (1)  the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>  (2)  the trial court can correct its action or failure to act.
>  (b)  *Court of Appeals Direction if Error Remediable*.  If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.  The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.  In this case, the trial court's error in concluding it lost its plenary jurisdiction when it granted Villa Dijon and Implicity's motion for new trial is remediable by abating the appeal and instructing the trial court to enter an order on the motion for new trial.  *See Well v. Tex. Dep't of Family & Protective Servs.*, 173 S.W.3d 178, 183 (Tex. App.—Austin 2005, no pet.) (relying on rule 44.4 to abate appeal and instruct trial court to hold a hearing on a motion for new trial); *In re T.A.C.W.*, 143 S.W.3d 249, 250-51 (Tex. App.—San Antonio 2004, no pet.) (abating appeal and remanding for a hearing where trial court did not make a ruling on a motion for new trial, even though a ruling was statutorily required, because the trial court questioned its jurisdiction); *see also Obella v. State*, No. 07-15-000271-CR, 2016 WL 3660018, at *3 (Tex. App.—Amarillo July 1, 2016, no pet.) (citing rule 44.4 and concluding "trial court can correct its error by conducting a hearing on appellant's motion for new trial"); *Reyes v. State*, 82 S.W.3d 351, 354 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing rule 44.4 to abate appeal and remand for hearing on motion for new trial).  If the trial court grants the motion for new trial, this appeal will be dismissed.  *See Wall*, 173 S.W.3d at 183.  If the trial court denies the motion, the record will be supplemented, and the parties will be permitted to supplement their briefs to address the trial court's ruling.[7]  *See id*.

---

[7] Winters and Cheatom raise cross-points in their brief arguing issues relating to whether the trial court would have abused its discretion in granting or denying the motion for new trial.  We do not address these issues for two reasons. First, we would not have jurisdiction in this appeal to address issues relating to a trial court's order granting a new trial because "[a]n order granting a new trial is an unappealable, interlocutory order."  *Fruehauf Corp. v. Carrillo*, 848

## CONCLUSION

The trial court erred in concluding it lacked jurisdiction to grant Villa Dijon's and Implicity's motion for new trial on April 10, 2015. The trial court's error, however, is remediable. Therefore, we abate the appeal, remand the cause, and instruct the trial court to enter an order on the motion for new trial.

Jason Pulliam, Justice

---

S.W.2d 83, 84 (Tex. 1993). Second, in the absence of an order by the trial court ruling on the motion for new trial, the issues raised in the cross-points are not ripe for this court's consideration. *See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998) (noting issue is not ripe when its resolution depends "upon events that have not yet come to pass" and Texas courts "are not empowered to give advisory opinions").