MEMORANDUM OPINION
 


No. 04-04-00195-CV



IN THE INTEREST OF T.A.C.W.






From the 131st Judicial District Court, Bexar County, Texas 


 Trial Court No. 2002-PA-02028


Honorable John Gabriel, Judge Presiding (1)



Opinion by: Phylis J. Speedlin, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: August 18, 2004 


AFFIRMED 

 After the trial court terminated Dwayne Walton's parental rights to his daughter, T.A.C.W.,
Walton moved for a new trial, filed a notice of appeal, and filed an untimely statement of appellate
points, all of which challenge the sufficiency of the evidence to support the trial court's findings.
Because of the untimeliness of Walton's statement of appellate points, the trial court questioned its
jurisdiction and made no rulings during the hearing on Walton's motion for new trial. See Tex. Fam.
Code Ann. § 263.405(d) (Vernon 2002). Walton appealed to this court.

 We held that an appeal from a termination order is perfected by the timely filing of a notice
of appeal, and that a late-filed statement of appellate points does not deprive the appellate court of
jurisdiction. See In the Interest of T.A.C.W., No. 04-04-00195-CV, 2004 WL 1543174 at *1 (Tex.
App.- San Antonio July 9, 2004). We further held that because Section 263.405(a) of the Texas
Family Code makes parental-termination appeals subject to the procedures provided in that section,
we could not proceed further without the trial court's ruling as to whether the appeal was frivolous. 
Id. at *2. Accordingly, we abated the appeal and remanded for a hearing and ruling by the trial court.
Id. On remand, the trial court denied Walton's motion for new trial and found that Walton's
appellate points are frivolous. See Tex. Fam. Code Ann. § 263.405(d)(3) (Vernon 2002). We agree
and therefore affirm the trial court.

 In its termination order, the trial court found by clear and convincing evidence that the
termination of the parent-child relationship between Walton and his two year old daughter is in the
best interest of the child. The trial court found that Walton constructively abandoned the child, who
had been in the temporary managing conservatorship of the Department of Family and Protective
Services (2) ("Department") for not less than six months. The court further found that the Department
"(1) ... has made reasonable efforts to return the child to the father; (2) the father has not regularly 

visited or maintained significant contact with the child; and (3) the father has demonstrated an
inability to provide the child with a safe environment."

 The court's findings are supported by the testimony of the caseworker for the Department
who testified that: Walton had previously signed an affidavit relinquishing his parental rights to his
daughter in February 2002; Walton orally withdrew that relinquishment in open court in September
2002; a new family service plan was developed and explained to Walton in the presence of his
attorney; the service plan required Walton to communicate with the caseworker on a weekly basis;
Walton has failed to remain in weekly communication with her, and has failed to return any of her
phone calls or respond to her written inquiries; Walton has failed to demonstrate his ability to
maintain employment and to care for his daughter, has failed to attend individual counseling, complete
a psychological evaluation, and complete parenting classes as required by his court ordered service
plan; and, although Walton had visited his daughter six times between May and September 2003, he
had not been in contact with her or the Department during the four months immediately proceeding
trial. The caseworker further testified that she believed termination of Walton's parental rights was
in the child's best interest because Walton's daughter was less than two years old, had been living
with a foster family since November 2002 when she was eight months old, and had bonded with her
foster family. Further, she testified the foster family had demonstrated they cared for and loved the
child, and were prepared to adopt her, and that she had not observed the same response from Walton.
This evidence constitutes legally and factually sufficient evidence to support both the trial court's
finding of one of the statutory grounds for termination and its finding that termination is in the child's
best interest. See Tex. Fam. Code Ann. § 161.001 (Vernon 2002). Accordingly, we hold the
trial court did not abuse its discretion in finding that Walton's appellate issues are frivolous. See Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); see also De La Vega v. Taco Cabana,
Inc., 974 S.W.2d 152, 154 (Tex. App.-San Antonio 1998, no pet.)(en banc) (holding that an appeal
is frivolous if it lacks an arguable basis in law or in fact). We therefore affirm the trial court's order.


 Phylis J. Speedlin, Justice

 





1. The Honorable John Gabriel is the presiding judge of the 131st Judicial District Court in Bexar County,
Texas. However, the Honorable Associate Judge Peter Sakai presided over the hearing, and the Honorable David
Peeples, presiding judge of the 224th Judicial District Court in Bexar County, Texas, signed the order of
termination.
2. Formerly known as the Department of Protective and Regulatory Services.