NUMBER 13-06-321-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESUS CISNEROS, Appellant,


v.


TEXAS DEPARTMENT OF FAMILY

AND PROTECTIVE SERVICES, Appellee.

 


On appeal from the 428th District Court of Hays County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 

Jesus Cisneros has filed an appeal from the termination of his parental rights to his
minor children, J.C.S.C. and A.C. (1) Cisneros challenges the legal and factual sufficiency
of the evidence supporting the termination. Section 263.405 of the Texas Family Code
makes parental-termination appeals subject to the procedures provided in that section. 
See Tex. Fam. Code Ann. § 263.405 (Vernon Supp. 2006). Section 263.405 provides in
relevant part:

(b) Not later than the 15th day after the date a final order is signed by the trial
judge, a party intending to appeal the order must file with the trial court a
statement of the point or points on which the party intends to appeal. The
statement may be combined with a motion for a new trial. 


. . .


(i) The appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a motion for new
trial. For purposes of this subsection, a claim that a judicial decision is
contrary to the evidence or that the evidence is factually or legally insufficient
is not sufficiently specific to preserve an issue for appeal.


Id. § 263.405(b), (i). (2) Here, the final order terminating Cisneros's parental rights was
signed on May 3, 2006. Cisneros timely filed his statement of points on May 10, 2006. 
However, Cisneros's statement of points merely claims "that the evidence was insufficient
to terminate the parental rights . . . ." Likewise, his motion for new trial merely claims "there
was insufficient evidence to terminate [appellant's] parental rights." (3) Cisneros's statement
of points failed to comply with section 263.405(i)'s requirement that issues be specifically
presented. See id. § 263.405(i). Failure to comply with section 263.405 does not deprive
this Court of jurisdiction over the appeal. See In re T.A.C.W., 143 S.W.3d 249, 250-51
(Tex. App.-San Antonio 2004, no pet.); In re S.J.C., 124 S.W.3d 237, 243 (Tex. App.-Fort
Worth 2003, pet. denied); In re M.G.D., 108 S.W.3d 508, 516 (Tex. App.-Houston [14th
Dist.] 2003, no pet.). However, in a situation such as this, where the statement of points
is not sufficiently specific, the issues have not been preserved for appeal. See Tex. Fam.
Code Ann. § 263.405(i); see also In re J.M.S., No. 06-05-00139-CV, 2005 Tex. App. LEXIS
10524, at *2 (Tex. App.-Texarkana, Dec. 20, 2005).

 Accordingly, we affirm the judgment of the trial court.


 


 


 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 29th day of December, 2006.

1. The trial court also terminated the parental rights of the minors' mother, Yolanda Mercado. She is
not a party to this appeal. In addition, the trial court terminated the parental rights of Yolanda Mercado and
Fernando Murad, to their minor child, J.R.M. That termination is not part of this appeal. 
2. Subsection 263.405(i) applies to an appeal filed on or after September 1, 2005. See Tex. Fam. Code
Ann. § 263.405 (Vernon Supp. 2006). Cisneros filed his notice of appeal on May 10, 2006. Accordingly,
subsection 263.405(i) applies to his appeal.
3. The motion for new trial was filed on May 22, 2006 and was never ruled on. Accordingly, the motion
was overruled by operation of law. See Tex. R. Civ. P. 329b(e).