TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00010-CV






Kevin Jerome Rollins-El, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 215,278-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




O R D E R



 The Texas Department of Family and Protective Services has filed a motion to
dismiss Kevin Jerome Rollins-El's appeal from the decree terminating his parental rights to two
children. The Department contends that this Court lacks jurisdiction because Rollins-El did not
timely file a notice of appeal and did not timely file a statement of points on appeal. We deny
the motion to dismiss.

 A statement of points on appeal is due 15 days after a termination decree is signed. 
Tex. Fam. Code Ann. § 263.405(b) (West Supp. 2006). A notice of appeal from a termination decree
is due 20 days after the decree is signed. Id. § 109.002 (West 2002) (appeal from termination decree
is accelerated); Tex. R. App. P. 26.1(b). A motion to extend the time to file a notice of appeal can
be filed within 15 days after the notice is due. Tex. R. App. P. 26.3. A notice of appeal filed within
the time for filing the motion for extension can function as an implied motion to extend time to file
a notice of appeal if the "movant" can reasonably explain the failure to timely file. See Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); In re B.G., 104 S.W.3d 565, 567 (Tex. App.--Waco
2002, order). The supreme court has instructed courts to interpret the rules of appellate procedure
"reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not
absolutely necessary to effect the purpose of a rule." Verburgt, 959 S.W.2d at 616-17.

 The district court signed the decree terminating Rollins-El's parental rights on
December 11, 2006. The notice of appeal was due December 31, 2006. On January 8, 2007,
Rollins-El filed a Notice of Appeal and an Agreed Motion for Additional Time to File Statement of
Points and Rule 11 Agreement. The Notice of Appeal, filed eight days after the notice was due,
served as an implied motion to extend time to file the notice of appeal. In the Agreed Motion, filed
the same day, Rollins-El asserted that he needed more time to file the statement because his attorney
was not given the requisite notice of the judgment. This same assertion also would explain a failure
to file a notice of appeal during that period.

 Rollins-El's assertion that he was unable to file a statement of points by the
December 26 deadline because he did not receive notice of the decree is unchallenged in the trial
record before us, in the Department's motion to dismiss, and in the Department's brief on the merits. 
In fact, Rollins-El attached to the Agreed Motion a page including the signature of the Department's
attorney. On this record, and given the supreme court's stated preference for reaching the merits of
the dispute, we conclude that an extension of the time to file a notice of appeal was appropriate and
that Rollins-El's notice of appeal was timely filed.

 Although timely filing a statement of points on appeal--whether alone
or combined with a motion for new trial--is a statutory prerequisite for raising issues on appeal,
filing the statement of points is not jurisdictional. In re T.A.C.W.,143 S.W.3d 249, 250-51
(Tex App.--San Antonio 2004, no pet.); In re D.R.L.M., 84 S.W.3d 281, 290-91
(Tex. App.--Fort Worth 2002, pet. denied); see also Tex. Fam. Code Ann. § 263.405(b), (i). The
filing of the notice of appeal invoked this Court's jurisdiction, regardless of whether a statement of
points on appeal was timely filed. See D.R.L.M., 84 S.W.3d at 291. The motion to
dismiss is denied.

 It is so ordered September 21, 2007.



 

 G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Filed: September 21, 2007