NO. 07-07-0316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2008
_____

IN THE INTEREST OF B.S., C.C. AND P.C., CHILDREN
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10,500; HONORABLE RON ENNS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants Tim Carranza and Tonya Bates bring this accelerated appeal challenging the trial court's order terminating their parental rights.[1]  After a bench trial, the trial court found the Department of Family and Protective Services had proven by clear and convincing evidence that statutory grounds existed under the provisions of the Texas Family Code for termination of appellants' parental rights and that termination was in the

_____

[1] The appellants have two children together, P.C. and C.C.  Bates also is the biological mother of B.S.  The trial court terminated Carranza's parental rights to his two children and terminated Bates's parental rights to her three children.  The court also terminated the parental rights of the unknown biological father of B.S. No appeal of this latter action is brought.

best interest of the children.[2] In presenting this appeal, appointed counsel for each appellant has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsels' motions and affirm the judgment.

The court heard evidence that Carranza and Bates have long histories of illegal drug use, including use of drugs by both appellants while the children were in the home. Department investigators, along with other witnesses, also testified that appellants' drug use presented a danger to the children and termination of their parental rights was in the best interests of the children. The attorney ad litem representing the children urged termination. The trial court found, among other grounds, that Carranza and Bates engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon Supp. 2007); *see In re S.F.,* 32 S.W.3d 318, 320 (Tex.App.–San Antonio 2000, no pet.) (termination of parental rights requires only one statutory ground coupled with finding termination is in best interest of child).

Courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.–Amarillo 2001, no pet.); *see Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.–Austin 2005, pet. denied) (collecting cases). Here, counsel for both appellants represent that after diligent review

---

[2] *See* Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2007).

[3] *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

of the record they are unable to present to this court an arguable issue calling for reversal of the trial court's judgment. They discuss the evidence presented at trial, and conclude the appeal of each appellant is frivolous.[4]

Appellants' counsels' briefs are adequate to satisfy the requirements of *Anders,* 386 U.S. at 744-45; *see In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998) (describing *Anders* procedure in juvenile cases). The record also reflects that the attorneys served a copy of the *Anders* brief on each appellant and informed their respective clients of the right to file a response. The attorneys also filed a motion to withdraw as counsel and notified appellants of their right to object to that motion. Appellants sought, and we granted, an extension of the due date for a response. The extension expired more than 50 days ago, and neither appellant has filed a response.[5] The Department has filed a response to the *Anders* briefs, stating that the Department has conducted a "careful and independent" review of the record and agreeing with counsels' conclusions that there are no arguable grounds for appeal.

---

[4] The record before us does not reflect that the trial court held the hearing required by section 263.405(d)(3) of the Family Code. At that hearing the trial court would have addressed whether Bates's appeal is frivolous. Tex. Fam. Code Ann. § 263.405(d)(3) (Vernon 2007); *In re K.D.,* 202 S.W.3d 860, 865 (Tex.App.–Fort Worth 2006, no pet.). Given the procedural posture of this case, we will dispose of the appeal without remanding it for the required trial court hearing. *But see In re T.A.C.W.,* 143 S.W.3d 249 (Tex.App.–San Antonio 2004, order); *In re K.M.,* No. 07-04-0442-CV, 2004 WL 2826851 (Tex.App.–Amarillo December 8, 2004, order).

[5] We additionally note that appellant Carranza did not file a statement of points under section 263.405(b) of the Family Code. Accordingly, we would not be able to consider any issue presented to us by Carranza on appeal. Tex. Fam. Code § 263.405(i) (Vernon Supp. 2007); *In re D.A.R.,* 201 S.W.3d 229, 230 (Tex.App.–Fort Worth 2006, no pet.).

We have also reviewed the record for reversible error, including the issues raised in the *Anders* brief. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991); *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). We find appellants had notice of the grounds asserted for terminating their parental rights and had opportunity to defend against those grounds through counsel, the presentation of evidence, and the cross-examination of adverse witnesses. *In re A.W.T.,* 61 S.W.3d at 89. We agree also with appellate counsels' conclusion that factually sufficient evidence[6] supports at least one ground on which termination was predicated, and supports the trial court's finding concerning the best interest of the children. *See In re S.F.,* 32 S.W.3d 318, 320 (Tex.App.–San Antonio 2000, no pet.) (termination of parental rights requires only one statutory ground coupled with finding termination is in best interest of child).

Accordingly, we affirm the judgment. We also grant appellants' counsels' motions to withdraw. Counsel must inform their respective clients of the disposition of this appeal and of their right to seek discretionary review by the Texas Supreme Court without the assistance of appointed counsel. *In re K.D.,* 127 S.W.3d 66, 68 (Tex.App.–Houston [1st Dist.] 2003, no pet.) (*citing Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App. 1997)).

James T. Campbell
Justice

---

[6] The standard for reviewing the factual sufficiency of evidence supporting a termination finding is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the finding. *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002).